[L. A. No. 4146. Department One.—October 18, 1915.]

## In the Matter of the Estate of EDGAR A. SLOANE, Deceased.

ESTATE OF DECEASED PERSON—DISTRIBUTION OF NONRESIDENT'S ESTATE—LAW GOVERNING.—Personal property of a nonresident testator, situated in this state at the time of his death, is subject to distribution under the laws of this state.

ID.—CHARITABLE BEQUESTS—LIMITATION ON AMOUNT—VALUE OF ENTIRE ESTATE.—The provision of section 1313 of the Civil Code, limiting the amount which a testator may give to charitable purposes to one-third of the estate, means, in the case of a nonresident, one-third of the entire estate, not merely one-third of that part of the estate which is situated in this state.

ID.—ABATEMENT AS BETWEEN SPECIFIC AND RESIDUARY CHARITABLE BEQUESTS.—Where the aggregate amount of charitable bequests exceed one-third of the estate, and are given as specific legacies and by the residuary clause, the residuary bequests should be abated before an abatement is made of the specific legacies. In such a case, the provision of section 1313 of the Civil Code for a pro rata reduction of all legacies, where they exceed one-third of the entire estate, does not apply.

APPEAL from an order of the Superior Court of Riverside County distributing the estate of a deceased person. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Hahn & Hahn, for Appellants.

M. Estudillo, George A. French, and Collier & Craig, for Respondents.

At the close of the argument Shaw, J., delivered the opinion of the court, Sloss, J., and Lawlor, J., concurring.

In this case the sum of $6,334.40 represented one-third of the estate, and all of it that could be distributed to charitable purposes. The will contained two charitable bequests; one a specific bequest of four thousand dollars to Brandon College, the other a bequest of the residue to the First Baptist Church of Minneapolis. The court below distributed to Brandon College the four thousand dollars and the excess, $2,334.40, constituting the residue of the estate, to the First Baptist Church. The deceased died in this state but was, at the time of his death, a resident of Minnesota. The estate consisted of personal property situated in California. Minnesota has no law limiting the amount which a testator may give to charitable purposes. This state limits the amount to one-third of the estate. (Civ. Code, sec. 1313.) The question which law governs is settled by the decisions in *Estate of Dwyer,* 159 Cal. 680, [115 Pac. 242], and *Estate of Lathrop,* 165 Cal. 243, [131 Pac. 752]. In *Estate of Dwyer* the court declared the rule that the personal property of a nonresident is subject to distribution under the laws of this state where the property is situated in this state at the time of the death of the testator. It further held that the provision of section 1313, that only one-third of the estate could be distributed to charitable purposes, means, in the case of a nonresident, one-third of the entire estate, not merely one-third of that part of the estate which was situated in this state. In the *Estate of Lathrop,* the precise question presented here was involved, and it was not complicated by the fact that part of the estate of the nonresident testator was situated in another state. Again, it was held that the personal property situated in this state at the time of the testator's death must be distributed according to the laws of this state. These decisions control here, and they support the decision of the court below limiting the bequests to charitable purposes to one-third of the estate.

The only other question is whether the specific legacy to Brandon College should be paid in full, or whether it should be abated by a *pro rata* reduction. The court is of the opinion that the residuary bequest to the trustees of the First Baptist Church of Minneapolis covered only what was left after taking out the specific bequest of four thousand dollars

to Brandon College, and that the provision of section 1313 for a *pro rata* reduction of all legacies, where they exceed one-third of the entire estate, is not intended to take away or destroy the well-recognized principle that a residuary bequest by its very terms embraces only what is left after the specific legacies are deducted. It is only where there is no residuary bequest to charity that the rule of section 1313 fully applies. The result is that the distribution by the court below of four thousand dollars to Brandon College, without reduction, and of the residue only to the First Baptist Church was correct.

The order is affirmed.