[Civ. No. 4189. Second Appellate District, Division One.—July 3, 1923.]

In the Matter of the Estate of CATHERINE FITZGER-ALD, Deceased. THE ROMAN CATHOLIC BISHOP OF MONTEREY AND LOS ANGELES (a Corporation Sole), Appellant, v. EDWARD TYNAN et al., Respondents.

[Civ. No. 4190. Second Appellate District, Division One.—July 3, 1923.]

In the Matter of the Estate of CATHERINE FITZ-GERALD, Deceased. ANNIE McLINDEN et al., Appellants, v. EDWARD TYNAN et al., Respondents.

[1] WILLS—RESIDUARY BEQUEST TO ROMAN CATHOLIC BISHOP—APPLICATION OF SECTION 1313, CIVIL CODE.—A residuary bequest in a will as follows: "I give, devise and bequeath to the Roman Catholic Bishop of Monterey and Los Angeles, a corporation sole, all the rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever situated," being not limited to a specific purpose, is one for the general use and benefit of the church within said diocese, and as such it retains the character of a charitable bequest and is subject to the provisions of section 1313 of the Civil Code.

[2] ID.—CHARITABLE BEQUESTS—RIGHT TO INTEREST.—The limitation contained in section 1313 of the Civil Code, wherein it is provided that the charitable devises or bequests contained in a will shall not collectively exceed one-third of the estate of the testator leaving legal heirs, applies to the principal only of such devises or legacies; and the provision of section 1369 of that code that legacies bear interest from the time when they are due is applicable both to specific charitable bequests and to a charitable bequest of the residue of an estate where such residuary bequest has, in effect, been reduced to a specific bequest by reason of the fact that the total of the charitable bequests and legacies exceeds the one-third limitation contained in section 1313 of said code.

APPEALS from a decree of the Superior Court of Los Angeles County. James C. Rives, Judge. Affirmed.

1. Devise or bequest to church as charitable use, notes, 4 Ann. Cas. 1139; 9 Ann. Cas. 1202; Ann. Cas. 1914A, 1218.

The facts are stated in the opinion of the court.

J. Wiseman Macdonald for Appellant in No. 4189 and for Roman Catholic Bishop, etc., et al., Respondents in No. 4190.

H. A. Massey and Ben F. Gray for Appellants in No. 4190 (Respondents in No. 4189).

CONREY, P. J.—In case No. 4189 the Roman Catholic Bishop of Monterey and Los Angeles, a corporation sole (hereafter called the Bishop), appeals from a decree of distribution of the estate of Catherine Fitzgerald, deceased. In case No. 4190 Annie McLinden, Sarah Sloan, Rosie Heaton, and Theresa Fitzgerald appeal from the same decree.

We will first consider the appeal in case No. 4189. The questions presented on this appeal arise out of the fact that by her will the decedent made several gifts to charitable societies or corporations which, according to the decision of the court, collectively exceeded one-third of the estate of the testatrix leaving legal heirs. The testatrix died on the third day of May, 1918. At that time section 1313 of the Civil Code read as follows:

"1313. Restrictions on devises or bequests for charitable uses. No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, except the same be done by will duly executed at least thirty days before the decease of the testator; and if so made at least thirty days prior to such death, such devise or legacy and each of them shall be valid; provided, that no such devise or bequest shall collectively exceed one-third of the estate of the testator, leaving legal heirs, and in such case a *pro rata* deduction from such devises or bequests shall be made so as to reduce the aggregate thereof to one-third of such estate; and all dispositions of property made contrary hereto shall be void, and go to the residuary legatee or devisee, next of kin, or heirs, according to law; and provided, further, that bequests and devises to the state, or to any state institution, or for the use or benefit of the state or any state institution, are excepted from the restrictions of this section." (Stats. 1917, p. 272.)

The total distributable estate of the deceased, after settlement of the final account of the executors, and at the time of the entry of the decree of distribution, was $39,973.07.

The specific bequests for charitable uses in the aggregate amounted to $11,300.

The residue of the estate (after payment of all charges against the estate, including the specific bequests, but not including interest on bequests), amounted to $12,693.07.

The will by its terms gave to the Bishop all of the residue of the estate. The court determined that this bequest to the Bishop was a bequest to a charitable corporation, organized for charitable purposes, and, therefore, determined that the total of charitable bequests was $23,993.07.

The court further found that since only one-third of the estate (being $13,324.36) could lawfully be devised or bequeathed to such charitable societies or corporations or persons, the Bishop was only entitled to receive that part of the residue which, together with the specific charitable bequests (but exclusive of interest), did not exceed said sum of $13,324.36. This reduced the amount of the residue distributable to the Bishop from the sum of $12,693.07 to the sum of $2,024.36, exclusive of interest.

The court further determined that the bequests were entitled to bear interest at seven per cent per annum from May 3, 1919, to December 14, 1921, on all of the legacies, including the residuary bequest. It is provided by sections 1368 and 1369 of the Civil Code that legacies are due and deliverable at the expiration of one year after the testator's decease, and that they bear interest from the time when they are due and payable (with exceptions not pertinent to this case).

Accordingly, the court by this decree of distribution awarded to the Bishop, under the residuary bequest, the sum of $2,024.36, plus interest, $362.31; total, $2,386.67; and found that (after allowing also the interest on the other legacies) there remained of the residue of the estate the sum of $5,347.80.

The court being of the opinion that under section 1313 of the Civil Code this remainder should go to the heirs at law, distributed said sum of $5,347.80 in equal shares to Annie McLinden, Sarah Sloan, Rosie Heaton, Theresa Fitzgerald,

and Mary Fitzgerald, who were the surviving sisters and next of kin of the decedent.

On the appeal of the Bishop it is contended in his behalf that the court erred in cutting down the residuary bequest to him as a corporation sole, thereby giving said undisposed of balance to decedent's sisters. It is admitted under the authority of the *Estate of Sloane*, 171 Cal. 249 [152 Pac. 540], the court correctly held that where both specific bequests and a residuary bequest are made for charitable purposes, the specific bequests must be paid in full, and the residuary bequest diminished, so as to bring the entire charitable bequests within the provisions of section 1313 of the Civil Code. [1] But it is contended that paragraph thirty-one of the will (the residuary bequest) is not a gift to a "charitable or benevolent society or corporation or to any person or persons in trust for charitable uses." The proposition of the Bishop (appellant) is that "the Roman Catholic Bishop of Monterey and Los Angeles, receiving a devise and bequest to its own use and with no trust imposed by the testatrix, does not come within the purview of section 1313, Civil Code." The language of the residuary bequest is as follows: "I give, devise and bequeath to the Roman Catholic Bishop of Monterey and Los Angeles, a corporation sole, all the rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever situated."

It will be seen at once that the decision here depends upon the answer to the question whether or not said corporation sole is a charitable or benevolent corporation within the meaning of section 1313 of the Civil Code. Said section 1313 was added to the Civil Code in the year 1874. At the time of the death of the decedent, Mrs. Fitzgerald, it had not been amended, except by an amendment made in 1917, when the last proviso was added thereto. This addition does not affect the present case.

Corporations sole are provided for by section 602 of the Civil Code. This section was enacted in 1878, and has been amended twice; once in the year 1880 and once in the year 1897. Since 1897 it has read (with omissions not material here), as follows:

"602. Religious societies may become sole corporations. Whenever the rules, regulations, or discipline of any religious denomination, society, or church so require, for the

administration of the temporalities thereof, and the management of the estate and property thereof, it shall be lawful for the bishop, chief priest, or presiding elder of such religious denomination, society, or church to become a sole corporation, in the manner prescribed in this title, as nearly as may be, and with all the powers and duties, and for the uses and purposes in this title provided for religious incorporations, and subject to all the conditions, limitations, and provisions in said title prescribed. Every corporation sole shall, however, for the purposes of the trust, have power to contract in the same manner and to the same extent as a natural person, and may sue and be sued, and may defend, in all courts and places, in all matters and proceedings whatever, and shall have authority to borrow money, and give promissory notes therefor, and to secure the payment thereof by mortgage or other lien upon property, real or personal; to buy, sell, lease, mortgage, and in every way deal in real and personal property in the same manner that a natural person may, and without the order of any court; to receive bequests and devises for its own use or upon trusts to the same extent as natural persons may; and to appoint attorneys in fact . . . ; *provided*, all property held by such bishop, chief priest, or presiding elder shall be in trust for the use, purpose, and behoof of his religious denomination, society, or church. . . . '' The second sentence of section 602 as above quoted was first inserted therein by the amendment of 1897.

Section 604a was added to the Civil Code in the year 1913 (Stats. 1913, p. 566), and amended in the year 1917 (Stats. 1917, p. 784). It provides for the formation of religious corporations as corporations aggregate, with boards of directors. The purposes and powers of such a corporation, as defined in the statute, are in large part the same as those of a corporation sole. But in defining the power of such a corporation to receive bequests and devises, instead of using the precise terms used in section 602 to define the same power of a corporation sole, section 604a says that a corporation organized under section 604a ''may receive bequests and devises for its own use, or upon trusts, to the same extent as a natural person, subject, however, to the provisions of section one thousand three hundred thirteen of the Civil Code of the State of California and may appoint attorneys in fact.''

Counsel for appellant, the Bishop, points to that part of section 602 of the Civil Code which gives to a corporation sole the right "to receive bequests and devises for its own use, or upon trusts to the same extent as natural persons may," and argues therefrom that since the gift in this case was to the corporation sole without mention of any trust or trusts, the corporation is therefore entitled to receive the gift for its own use to the same extent as natural persons may, and that this right excludes from the gift the characteristics or obligations of a trust. Appellant then directs attention to the provisions of section 604a which we have quoted, and argues that the inclusion in section 604a of the proviso relating to section 1313, and its omission from section 602, amounts to a legislative declaration of intention that the corporation sole may receive a bequest or devise not subject to the limitations of section 1313; and that since the gift in the will now under consideration does not specify any trust, therefore the gift presumably was to the corporation sole "for its own use," and for that reason should not be construed as a "charitable bequest."

We think that there is no convincing force in the argument which seeks to interpret the provisions of section 602 by those of section 604a. Section 602 was in existence, and contained the clause in question, for many years before 604a was enacted. The correct interpretation of section 602 prior to the enactment of section 604a, necessarily would have been ascertained without reference to section 604a. We are of the opinion that the later enactment, relating to religious corporations having a board of directors, in which extra care was taken to specify that bequests and devises to such corporations either for their own use or upon trusts are subject to the provisions of section 1313 of the Civil Code, is so far unrelated to the subject matter of section 602 that it throws no light upon the intention of the legislature in the enactment of section 602 as it stood in the year 1913 and long prior thereto.

In the decree of distribution the court found "that the Roman Catholic Church is a Christian church, organized not for profit but for religious purposes and to promote the worship of God and to administer to the spiritual needs of mankind and to bring mankind under the influence of religion, and to that end the said Roman Catholic Church follows and

spreads the teachings of Jesus Christ, as expounded in the Holy Bible. That the rules, regulations and discipline of said Roman Catholic Church having so required for the administration of the temporalities thereof and the management of the estate and property thereof in the diocese of Monterey and Los Angeles," the said corporation sole was brought into existence in the manner prescribed by law, "with all the powers and duties, and for the uses and purposes and the behoof in said title provided for religious incorporations, and subject to all the conditions, limitations and provisions in said title prescribed, with power of succession; and that the said Roman Catholic Bishop of Monterey and Los Angeles, a corporation sole, holds and administers all the assets and temporalities of said Roman Catholic Church and Bishop in said Diocese of Monterey and Los Angeles."

A gift to a church is a charitable one, for it is well settled that a Christian church lawfully existing is a charity. A gift to a church without restrictions as to the use to be made of the property is a gift to be applied for the promotion of public worship and of religious instruction, which must necessarily influence other than church members, and has all the elements of a public charity. (5 R. C. L., p. 327, and cases there cited.) Having in mind these facts and principles, we turn again to the statement in section 602 of the Civil Code, which gives to a corporation sole "for the purposes of the trust," power to contract, etc., as a natural person may; "to receive bequests and devises for its own use or upon trusts to the same extent as natural persons may." If the words "or upon trusts" were not there, we think that the words "for its own use" would have to be interpreted in the light of the character of the corporation as an instrumentality for the administration of the temporalities of the church. "The purposes of the trust" are those purposes having relation to the administration of the temporalities of the church. A gift to the corporation "for its own use" is in effect a gift to the church for its own use, and this is a gift for charitable purposes. This view is emphasized by the further proviso in section 602, that "all property held by such bishop, chief priest or presiding elder shall be in trust for the use, purpose, and behoof of his religious denomination, society, or church." This leads to the further conclusion that the words

"or upon trusts" refer to specific and limited trust purposes defined in the gift. This is illustrated in the present case. The will of decedent, among its specific devises and bequests, gave to the Bishop the sum of $5,000 "to be used by him for the education and support of such deserving young men as the said bishop of Monterey and Los Angeles may select from the diocese of Monterey and Los Angeles, who, having the vocation for the priesthood, yet have not the necessary means to procure the required education or to support themselves during the course of studies essential as a preliminary to their education." Here there is a specific trust to the Bishop for a limited purpose, a purpose for which he is directly empowered by the statute to receive the bequest. The residuary bequest, however, being not limited to a specific purpose, is one for the general use and benefit of the church within said diocese. Nevertheless, being a gift for those uses, it retains the character of a charitable bequest. As such it is subject to the provisions of section 1313 of the Civil Code.

[2] In case No. 4190 four of the sisters of the decedent direct their appeal to that part of the decree which allowed interest on the charitable bequests, including the allowance of interest on the principal sum distributed to the Bishop under the bequest to him of the residue of the estate. Section 1369 of the Civil Code, in providing that legacies bear interest from the time when they are due, makes no distinction between legacies for charitable purposes and any others. We think it is beyond question that specific charitable bequests share in the legal right to interest from and after the time when they become due. It only remains to consider whether the same rule applies to a charitable bequest of the residue of an estate.

Under ordinary circumstances, where the total amount of the charitable bequests, including the residue and interest thereon, does not exceed one-third of the distributable assets of the estate, this question would not arise. For since the residuary legatee would receive all of the residue, it would not concern him to analyze the gift for the purpose of distinguishing part of it as interest. Nevertheless, if curiosity led to such inquiry, it may be that under the strict reading of the statute, a part of the sum so received would be interest. In the present case, however, since there is (because

of the law) an undivided or unbequeathed remainder over and above the amount which the residuary legatee may receive, it here becomes necessary to determine whether he is entitled to interest.

We think that he is entitled to the interest claimed by him and awarded by the court. The effect of the law limiting the total amount of charitable bequests to one-third of the distributable assets is that under the facts of this case the residuary bequest is no longer any different in its nature from a specific bequest. Construing the will, together with the statute, the so-called residuary legatee has become entitled not to the entire residue of the estate, but only to a specific sum, leaving a residue that goes to the legal heirs because it cannot be distributed under the will. Under these circumstances, we see no valid reason why the said "residuary legatee" is not entitled to the benefit of the statute which allows interest on all legacies.

Counsel for appellant, after searching the authorities, concede that this exact question has not been passed upon in this state by any decision. They cite a few cases from which they claim that the conclusion for which they contend should be implied. (*Estate of Hinckley,* 58 Cal. 457, 516; *In re Pearsons,* 98 Cal. 603, 611 [33 Pac. 451]; *Estate of Sloane,* 171 Cal. 248 [152 Pac. 540].) In these decisions it was held or assumed that the value of the disposable property of the estate, one-third of which may be given to charitable uses, must be fixed as of the time of distribution because that is the time when the allowed claims against the estate, and costs of administration, have been determined and the amount of the residuum has become fixed. But it is equally true that for the same reason that is also the time when the amount of interest due can be ascertained. We agree with counsel for the residuary legatee in his contention that the right to interest is derived from the statute and not from the will. Therefore, the limitation contained in section 1313 of the Civil Code, wherein it is provided that the devises or bequests contained in a will shall not collectively exceed one-third of the estate of the testator leaving legal heirs, applies to the principal only of such devises or legacies. It is not a limitation or denial of the right of any legatee of a gift for charitable purposes, to receive interest on his legacy in the same way that interest is allowed on any other legacy.

For the reasons above stated we are of the opinion that the decree of distribution is in all respects correct.

The decree is affirmed.

Houser, J., and Curtis, J., concurred.