[Civ. No. 15519. Second Dist., Div. Two. Dec. 12, 1946.]

Estate of AUSTIN N. KIMMIS, Deceased. WALTER W. SHAFFER, Respondent, v. KALAMAZOO COLLEGE, Appellant.

W. Ward Johnson, Frederic A. Shaffer and Haight, Trippet & Syvertson for Respondent.

Clock, Waestman & Clock for Appellant.

McCOMB, J.—This is an appeal from a portion of an order distributing the estate of decedent, Austin N. Kimmis.

The essential facts are these:

Mr. Kimmis, an attorney at law, died on January 5, 1945. He left surviving him only collateral heirs, his wife having predeceased him. Decedent left a will dated June 27, 1939. After directing payment of his debts and funeral expenses and bequeathing all his household furniture and furnishings to Marie Rearson Matziner, the will provided as follows:

"It is my will that all or such portion of my residuary estate as is legally permissible, but not exceeding one half thereof, be distributed to Kalamazoo College, Kalamazoo, Michigan, which bequest, under such rules as may be prescribed by the governing body of that institution, shall constitute a loan fund from which loans may be made to young men and women desiring to attend college. Before making any loan the governing body should, after careful investigation, be convinced that the applicant is of good moral character has mental capacity of a high order and is inspired by motives that will insure earnest effort.

"Fourth

"I further hereby give, will, devise and bequeath from such portion of my estate as shall remain the following: . . . (Then followed a list of collateral relatives and strangers who were given cash bequests in different amounts.)

"All the rest, residue and remainder of my estate I hereby will, devise and bequeath as follows:

"Twenty-two (22%) per cent thereof to each of the following: Frances Mode Goodall, Douglas G. Mode and Robert S. Mode, children of my wife's deceased brother, all now residing at Midland, Michigan, and Jennie D. Mosher, now residing at 72 Tuxedo Avenue, Detroit, Michigan; and

"Twelve (12%) per cent thereof to Laura Mosher Korneffel, now residing at Detroit, Michigan."

These persons just named in the latter portion of paragraph Fourth of the will are the individuals directly benefited by the lower court's interpretation of the will as expressed in the decree of distribution. The probate court ordered the specific bequests paid before payment and distribution to appellant of one-half of the residue of the estate.

■ Appellant urges that *the probate court erred in distributing to named pecuniary legatees the cash bequests before computing appellant's share under the will.*

This proposition is untenable. It is argued that the court, after distributing the household furnishings, should then have given one-half of the estate to appellant and resorted to the remaining one-half exclusively for the payment of cash bequests. This contention is without merit. Decedent by the third paragraph of his will bequeathed to appellant not to exceed one-half of his *residuary estate.*

A residuary estate is defined by section 161(4) of the Probate Code as that portion which remains after all the bequests of a will are discharged. Testator was a lawyer and therefore it is presumed knew the meaning of the phrase *residuary estate**. It is further provided by section 106 of the Probate Code that technical words are to be considered as having been used in their technical sense unless the context clearly indicates a contrary intention. The cash bequests in the will are general legacies and in their payment the probate court was required to resort, under section 751 of the Probate Code, to the property of the estate in the following order:

(1) Property which was expressly appropriated by the will therefor.

(2) Property not disposed of by the will.

(3) Property which was devised or bequeathed to a residuary legatee.

Since in the present case there is not any property "expressly appropriated by the will" for the payment of general

*See *Estate of Bourn,* 25 Cal.App.2d 590, 595 [78 P.2d 193.]

bequests and there was not any ''property not disposed of by the will'' it follows that the probate court was bound to resort to the residuary estate for the payment of the general bequests.

The decree is affirmed.

Moore, P. J., and Wilson, J., concurred.