217 Cal.App.2d 111 (1963)
Estate of SIDNEY C. SCOTT, Deceased. FLORENCE HUGHES, as Executrix, etc., Petitioner and Respondent,
v.
SHRINERS HOSPITALS FOR CRIPPLED CHILDREN, Objector and Appellant; ANGELES MESA PRESBYTERIAN CHURCH, Legatee and Respondent.
Civ. No. 26649. 
California Court of Appeals. Second Dist., Div. Three. 
June 11, 1963.
 J. Marion Wright and Owen E. Kupfer for Objector and Appellant.
 Jess F. High for Petitioner and Respondent.
 Robert McWilliams for Legatee and Respondent.
 FILES, J.
 This appeal has been taken on behalf of a charitable corporation whose bequest was reduced under Probate Code, section 41, [fn. 1] because the charitable bequests collectively exceeded one-third of the estate. Although the appeal is from the entire decree of distribution and order settling the executrix' account, no questions are argued in the briefs except as to the application of section 41.
 The will of the decedent was executed approximately two months before his death. He was survived by a widow and two adult children, Jessie Miller and respondent Florence Hughes. The will in its Seventh, Eighth, and Ninth paragraphs made a series of bequests of stocks and bonds to Shriners *114 Hospitals (appellant), to the Salvation Army, and to Angeles Mesa Presbyterian Church. The succeeding paragraphs of the will were as follows:
 "Tenth: All the rest, residue and remainder of my estate I give, devise and bequeath as follows:"
 "(a) One-half thereof to my daughter Florence Hughes;"
 "(b) To the Angeles Mesa Presbyterian Church, of Los Angeles, California, a sum equal to Five Thousand Dollars ($5,000.00) plus interest thereof for six months from March 3, 1947, at the rate of 5% per annum and plus interest thereafter at the rate of 10% per annum, compounded semi-annually, to the date of my death;"
 "(c) The balance of said residue and remainder of my estate I give, devise and bequeath to my daughter Jessie Miller, if she survives distribution of my estate, and in the event she does not survive such distribution, I give, devise and bequeath said balance of the residue and remainder of my estate to my daughter Florence Hughes."
 "Eleventh: If any person shall claim to be a child or dependent of mine, or to be entitled to remembrance in this will, and shall succeed in establishing such claim by appropriate judicial proceedings, I give and bequeath to such person the sum of One Dollar; if either or any of the persons hereinabove named shall contest this will, then, in lieu of the provision herein made for such person, I give and bequeath to such person the sum of One Dollar, and no more."
 The will was admitted to probate and Florence Hughes qualified as executrix. The widow and the two daughters of the deceased then entered into a written agreement whereby each assigned one-third of her interest in the estate (with minor exceptions) to each of the others, thereby equalizing their interests. This agreement was submitted to the probate court for an order under Probate Code, section 1020.1. The court adjudged that the agreement was valid and ordered the executrix to make distribution pursuant to its terms. Then the widow elected to take her share of the community property in lieu of the provisions made for her in the will. A settlement agreement was reached whereby it was determined that she would receive $50,000 cash in full satisfaction of her community property interest, and the court thereupon ordered this sum paid to her. During the period of administration Jessie Miller died. When the executrix petitioned for a decree of distribution she asked that the bequests to the three charities be reduced pro rata so that the aggregate would equal one-third *115 of the estate. After a hearing the probate court made its decree of distribution whereby each of the bequests to charity was reduced pro rata, as prayed, and the residue was ordered distributed to Florence Hughes and her assignees. Shriners Hospitals has appealed from that decree.
 [1, 2] Since the bequest to Jessie Miller was conditional upon her surviving distribution, and she did not survive, the testator's daughter Florence Hughes was the person who would have taken the property left to charity, but for such bequests. Her request for distribution was a proper means of invoking the benefit of section 41. The fact that Jessie Miller, during her lifetime, had failed to object to the charitable bequests (see Estate of Bunn, 33 Cal.2d 897, 900 [206 P.2d 635]), is of no moment because under the terms of the will Jessie Miller was not entitled to take anything.
 [3] The fact that Florence Hughes had assigned two-thirds of her legacy to other persons is likewise immaterial. The assignment was a private transaction between Mrs. Hughes and her assignees which did not alter her status under section 41 as the person who was entitled, under the will, to receive what the charities could not take.
 Estate of Lingg, 71 Cal.App.2d 403 [162 P.2d 707], cited by appellant, is not in point. In that case the widow, who was the person entitled to object to the charitable bequest, entered into an agreement with the charity and the other beneficiaries. The decree of distribution was based upon that agreement. In the present case Mrs. Hughes made no agreement with the charity, and her assignment agreement with her sister and stepmother contained nothing indicating any relinquishment of the benefits of section 41.
 [4a] Appellant contends that by claiming a part of the property which the testator had intended to leave to charity, Mrs. Hughes did in effect "contest" the will and thereby forfeit everything except the $1.00 provided for in paragraph Eleventh of the will.
 It is true that the word "contest" does not always have the same meaning. The right to object to a charitable bequest under section 41 was referred to as "the right to contest a will on this ground" in Estate of Bunn, supra, at page 901. In a number of cases disinheritance clauses which were much broader in their terms than the terms of the present will were said to require forfeiture in the event of any action employed to thwart the testator's expressed wishes. (See Estate of *116 Hite, 155 Cal. 436, 444 [101 P. 443, 17 Ann.Cas. 993, 21 L.R.A. N.S. 953]; Estate of Holtermann, 206 Cal.App.2d 460, 470 [23 Cal.Rptr. 685]; Estate of Howard, 68 Cal.App.2d 9, 11 [155 P.2d 841]; see Rest., Property, 429, com. d.)
 [5] On the other hand, in the Probate Code the term "contest" has a definite and limited meaning. Under the code a will contest is begun by filing grounds of opposition to probate (contest before probate, 370- 374) or filing a petition to revoke probate (contest after probate, 380-385).
 [6] The guiding principle of interpretation is that the court must give effect to the intent of the testator as it appears from the terms of the will and the surrounding circumstances. [4b] Here the probate court decided that the petition of the executrix asking that the charitable legacies be reduced under section 41 was not a contest within the meaning of article Eleventh of this will. We cannot say that this interpretation was erroneous. (See Estate of Miller, 212 Cal.App.2d 284, 296 [27 Cal.Rptr. 909].)
 [7a] Appellant contends further that the cash bequest to the Presbyterian church set forth in paragraph Tenth of the will was a residuary legacy and should abate before the other charitable bequests. [fn. 2]
 Probate Code, section 41, like its predecessor, Civil Code, section 1313, which covered this subject prior to 1931, provides that where the charitable devises and legacies exceed one-third of the estate "a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate." Notwithstanding this statutory language, the Supreme Court held that under old Civil Code, section 1313, the residuary bequests to charity must abate in full before there can be any reduction in the bequests of specific property. (Estate of Sloane, 171 Cal. 248 [152 P. 540]; Estate of Hamilton, 181 Cal. 758, 762 [186 P. 587]; Estate of Fitzgerald, 62 Cal.App. 744, 747 [217 P. 773].)
 The cash bequest to the Presbyterian church appears in the paragraph of the will which begins, "All the rest, residue and remainder of my estate I give. ..." However, it is not a residuary legacy within the definition in Probate Code, section 161, subdivision (4): "A residuary legacy embraces only *117 that which remains after all the bequests of the will are discharged." This will provides that Jessie Miller or Florence Hughes shall receive the residue existing after the bequest to the church. Bequests of designated amounts of cash payable "out of the residue" were held not to be "residuary" in Estate of Williams, 112 Cal. 521, 526 [44 P. 808, 53 Am.St.Rep. 224], and Estate of Kimmis, 77 Cal.App.2d 233, 235 [175 P.2d 53].
 So far as can be determined from the record on appeal, the probate court based its interpretation of the will upon the language of the will alone. The probate court made no express finding as to the intention of the testator. Its conclusions of law included this language: "The gift to the Angeles Mesa Presbyterian Church of $5,000.00, together with interest, totaling $13,330.30 is not a residuary gift and should not abate before the other gifts to charity." [8] Although that interpretation is not conclusive on appeal, the rule is that if the construction given to the will by the probate court appears to be reasonable and consistent with what the record shows as to the intent of the testator, the appellate court will not substitute another interpretation even though it may seem equally tenable. (Estate of Northcutt, 16 Cal.2d 683, 690 [107 P.2d 607].)
 [7b] Here it is reasonable to believe that the cash bequest to the church was placed in paragraph Tenth of the will only because that was a convenient way of expressing the thought that Mrs. Hughes' portion of the remainder would exceed Mrs. Miller's portion by the amount of the bequest to the church. The record does not compel any conclusion on the part of this court that the testator intended that any reduction required by section 41 should bear more heavily upon the church than upon the other charitable beneficiaries.
 The judgment and order are affirmed.
 Shinn, P. J., and Ford, J., concurred.
 "Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residuary bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will."
NOTES
[fn. 1] 1. Probate Code, section 41: "No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one- third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.
[fn. 2] 2. Appellant does not dispute that the bequest of 1,000 shares of General Motors stock was a general bequest which would share pro rata with other general bequests. (See Estate of Buck, 32 Cal.2d 372, 374 [196 P.2d 769].)