# Wytheville.

UNITED STATES VETERANS' BUREAU v. P. A. L. SMITH, JR.,
COMMITTEE OF THOMAS LAWSON AND WILLIE WALKER,
INSANE PERSONS.

June 18, 1931.

Present, Campbell, Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*Christian & Barton* and *Davis G. Arnold,* for the plaintiff in error.

*Fulton & Hall,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

This case originated in a notice filed by the Veterans' Bureau, duly served on Smith, committee for Lawson and Walker, insane persons, whereby it was sought to have him removed as such committee, and asking that the order, which had been entered appointing him as such committee, be declared null and void, and that his powers as such be revoked.

Smith demurred to the notice, assigning several grounds, and upon a hearing upon the notice and demurrer, the demurrer was sustained by the court and the notice dismissed. It is of this action of the court that the Veterans' Bureau complains.

The allegations of the notice are as follows:

"First. That your appointment as committee of said Thomas Lawson, an insane person, was made without service of notice upon said Thomas Lawson at the time and in the manner required by law.

"Second. That by virtue of section 21, World War veter-

ans' act, as amended by an act of May 29, 1928, and the rules and regulations promulgated thereunder, the undersigned, United States Veterans' Bureau, is charged with the duty of co-operating with and assisting the courts in the selection of suitable, competent and proper persons to act as committees of estates of World War veterans, and that you are not a suitable, competent and proper person to hold said trust, in that:

"(a) You were a practicing attorney and procured your appointment as committee as a result of your personal solicitation and upon representations that were not in accord with the facts.

"(b) You obtained information relative to this case while in the employ of the United States Veterans' Bureau and made use of the same in procuring your appointment in violation of section 190, Revised Statutes of the United States.

"(c) That you were an employee of the United States Veterans' Bureau within the past two years and by reason thereof you are precluded by section 190 of the Revised Statutes of the United States from prosecuting directly or indirectly any claim before United States Veterans' Bureau."

This motion was made in conformity with section 5417 of the Code.

There is one principal issue raised by the demurrer and that is: Has the Veterans' Bureau, as such, the right and power to maintain and prosecute the notice it has filed in this case?

We have this day handed down an opinion in the companion case to this one (*United States Veterans' Bureau* v. *Robert Thomas*, post, p. 902, 159 S. E. 159), in which this question was discussed and decided. What was said in that opinion applies here and is decisive of the point raised. In that opinion we concluded that the Veterans' Bureau was empowered and had the right to file and prosecute a notice similar to the one here involved.

There are several other grounds of demurrer, but inasmuch as they all grow out of the question above stated and we having

decided the point in favor of the Veterans' Bureau, we deem it unnecessary to discuss the other grounds of demurrer. For the reasons stated in the opinion in the companion case, we think that the demurrer filed in this case should have been overruled.

This issue is raised by the Veterans' Bureau in its notice: "That your appointment as committee of Thomas Lawson, an insane person, was made without service of notice upon said Thomas Lawson at the time and in the manner required by law."

A similar allegation is found in the notice against Smith, committee of Willie Walker.

Section 1050 of the Code provides for the appointment of a committee for a person who has been adjudged insane. That section reads: "If a person be found insane by a judge or justice of the peace before whom he is examined, or in a court in which he is charged with crime, the circuit court of the county or the corporation or the circuit court of the city of which he is an inhabitant shall appoint a committee for him. * * *."

There is no provision in the statute for notice to an insane person, who has been so adjudged, when application is made for the appointment of a committee for him. The two wards of Smith had been regularly adjudged insane and committed to the State hospital for the insane before application was made for the appointment of the committee.

It is the contention of the Veterans' Bureau that the insane persons, Thomas Lawson and Willie Walker, have been, by the appointment of a committee without notice to them, deprived of the benefit of the "due process" provisions of the Constitutions of the United States and of Virginia.

The "due process" provisions referred to protect a person in his life, liberty and property, and the appointment of a committee after a person has been adjudged insane, under section 1050, does not deprive him of any one of these rights. It

is true that an insane person committed to an insane asylum is deprived of his liberty, but this is by virtue of the lunacy hearing, wherein he is adjudged insane, after due notice to him, and not by virtue of the provisions of section 1050 of the Code.

The appointment of a committee for an insane person does not deprive him of his property. It has the effect of preserving and protecting it. Under proper orders of the court, in this case, it will be used for his exclusive benefit.

We think that section 1050 of the Code is valid and constitutional and that it does not deprive these insane persons of any federal or State constitutional right.

The demurrer should have been overruled and the Veterans' Bureau allowed to present in court any evidence it may have had showing that the committee was an unsuitable person to perform the duties of the trust.

The judgment complained of is reversed and the case is remanded to the trial court for further proceedings.

*Reversed.*