# Wytheville.

UNITED STATES VETERANS' BUREAU v. ROBERT THOMAS, COMMITTEE OF HENRY WILLIAMS.

June 18, 1931.

Present, Campbell, Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*Christian & Barton* and *Davis G. Arnold,* for the plaintiff in error.

*Thos. O. Moss, Leon M. Bazile, Alfred J. Kirsh,* and *Fulton & Hall,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

This case originated in a notice filed by the Veterans' Bureau, duly served on Thomas, committee for Henry Williams, an insane person, whereby it was sought to have him removed as such committee, and asking that the order which had been entered, appointing him committee, be declared null and void and that his powers as such be revoked.

Thomas demurred to the notice, assigning two grounds, and upon a hearing upon the notice and demurrer, the demurrer was sustained by the court and the notice dismissed. It is of

this action of the court, that the Veterans' Bureau is now complaining.

The allegations of the notice which the trial court held insufficient, when tested by the demurrer, are as follows:

"First. That your appointment was made upon a motion of a person not interested, and who was not a member of the class of persons preferred by law.

"Second. That by virtue of section 21, World War veterans' act, as amended by an act of May 29, 1928, and the rules and regulations promulgated thereunder, the undersigned, United States Veterans' Bureau, is charged with the duty of co-operating with and assisting the courts in the selection of suitable, competent and proper persons to act as committees of estates of incompetent World War veterans, and that you are not a suitable, competent and proper person to hold the trust as committee of said Henry Williams, in that:

"(a) You were a practicing attorney and procured your appointment as committee as a result of your personal solicitation and upon representations that were not in accord with the facts.

"(b) You obtained information relative to this case while in the employ of the United States Veterans' Bureau and made use of the same in procuring your appointment, in violation of section 190 of the Revised Statutes of the United States.

"(c) That you were an employee of the United States Veterans' Bureau within the past two years and by reason thereof you are precluded by section 190 of the Revised Statutes of the United States from prosecuting directly or indirectly any claim before the United States Veterans' Bureau.

"(d) That while you were in the employment of the said United States Veterans' Bureau you, in divers cases and at different times, neglected, failed and refused to perform the duties required of you by law, and the rules and regulations of the director of the United States Veterans' Bureau, made in pursuance thereof, relating to the appointment of committees

for incompetent World War veterans and other fiduciaries of deceased World War veterans, and the management of their estates, and that, well knowing these facts, you, after first having been requested to resign your said position and complying with said request, procured your own appointment as committee in this, and as well in divers other cases, of insane World War veterans, to-wit: Darcie Davis, George Brooks, Edgar Morris and John Moomen, sometimes called John Guyther."

The grounds of the demurrer to the notice are as follows: (1) "That petitioner has no standing to prosecute a petition of this nature in the State of Virginia; that the acts of the petitioner in filing and prosecuting the said petition are *ultra vires,* the same being outside the scope of any right or power given to it under the law," and (2) "That the alleged sections of the World War veterans' act, as amended, referred to, have no application to the matter in controversy and are irrelevant and immaterial to the purposes of petitioner's notice."

The notice filed in this case was filed under the provisions of section 5417 of the Code, which reads as follows:

"The court, under whose order or under the order of whose clerk any such fiduciary derives his authority, on the application of any surety or his personal representative, shall, or when it appears proper, on such report of the clerk or a commissioner, or on evidence adduced before it by any party interested, may, at any time, whether such fiduciary shall or shall not have before given bond, or whether he shall have given one with or without sureties, order him to give, before such court, a new bond in a reasonable time to be prescribed by it, in such penalty, and with or without sureties, as may appear to it to be proper, and may, if such order be not complied with, or whenever from any cause it appears proper, revoke and annul his powers; but no such order shall be made unless reasonable notice appear to have been given to such fiduciary by the commissioner who made such report, or by the surety or his representative making the application aforesaid, or by the service

of a rule or otherwise, and no such order or revocation shall invalidate any previous act of such fiduciary."

The principal issue presented for decision is whether the Veterans' Bureau has the right and power to file and prosecute this notice for the removal of Thomas, committee, under section 5417 of the Code.

In determining the soundness of the ruling of the court in sustaining the demurrer, it is well to bear in mind that section 6118 of the Code provides that: "On a demurrer (unless it be to a plea in abatement) the court shall not regard any defect or imperfection in the declaration or other pleading, whether it has been heretofore deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defense, that judgment, according to law and the very right of the cause, cannot be given * * *."

It is also well to bear in mind that this court has frequently held that any notice will be upheld where it contains sufficient substance to inform the defendant of the nature of the claim or demand made against him and contains sufficient facts, regardless of how informally stated, to enable a court to determine that if those facts are proved, the plaintiff is entitled to prevail.

Therefore, if the Veterans' Bureau is an "interested party" the notice in form is sufficient. If it had been insufficient in this respect or if Thomas thought it did not contain sufficient facts, it was the duty of the court to have granted the Veterans' Bureau the right to amend its notice or required it to furnish Thomas, committee, with a bill of particulars.

One of the purposes for which the United States Veterans' Bureau was created was to provide relief for those veterans who were disabled as a result of the World War, and to provide compensation or pensions for them. It is a responsible agency of the United States government. The ward of the committee here is entitled to compensation for his disability and it is conceded that he has not received it. The Veterans'

Bureau is withholding payment because it believes that the committee, who has been appointed to receive and disburse the money for Williams, is not a suitable person to perform this service.

It has been most strongly urged that the Veterans' Bureau has no standing in Virginia courts in matters of this kind, but we find that the General Assembly of 1928, by an act which is carried in the Code as section 1050a, has fully recognized the standing and right of the Veterans' Bureau to proceed in our courts in matters of this nature. By that act it was provided that:

"Whenever any former soldier, sailor or marine, or other ex-service person, of the United States is found to be incompetent by the medical authorities of the United States Veterans' Bureau, on motion by the United States Veterans' Bureau, or any person in interest, the circuit court of the county or the corporation court of the city, or such courts as now have jurisdiction to appoint committees for insane persons of which such ex-service person has his or her legal residence, in lieu of appointing a committee, or adjudging such ex-service person insane, shall appoint a trustee for such ex-service man, where it appears to the court that a trustee is needed for the purpose of receiving and administering such benefits of compensation and insurance as might be paid by the United States government. Such trustee, in addition to such duties and obligations imposed upon him under his trust by the federal government, shall be subject to such State laws as are now in force or hereafter enacted applicable to the appointment and administration of committees for insane persons."

The Veterans' Bureau, having the right to proceed under Code section 1050a in Virginia courts to have trustees appointed for incompetents on the recommendation of its medical authorities for the purpose of receiving and administering the compensation allowed such incompetents, it certainly would

follow that it has the right to proceed in our courts to have removed any committee which the court might find unsuitable.

The federal government has adopted our State courts as the means whereby the compensation of incompetent veterans of the World War may be administered and used for their benefit. The Veterans' Bureau, constituted and created for the purpose of paying the compensation to a committee of an incompetent, is further directed by the act creating it and defining its powers and duties to co-operate with the State courts in the matter of appointing committees for insane veterans. It seems only fair that our courts should in turn co-operate with the Veterans' Bureau in such matters to the end that when an incompetent is entitled to compensation it may be paid to his committee promptly and used for his benefit as it accrues.

In this case it is apparent that the entire estate of the incompetent consists of this compensation and nothing else. If this be true, his entire estate is derived solely from the Veterans' Bureau. It is the donor of the fund or gratuity. It is interested to see that the fund is used for the benefit of the incompetent.

If the committee is acting in good faith, he cannot be hurt by a hearing on the notice, and giving the Veterans' Bureau an opportunity to present its facts, if it has any, showing why he should be removed.

■ When a responsible party brings a matter of this kind to the attention of the court, ordinarily it should act by rule or otherwise under section 5417 of the Code.

■ The Veterans' Bureau, not having a direct beneficial interest in the estate of the incompetent, may not be an "interested party" in the limited and technical sense, yet it is the source of the fund, materially interested in performing its duty and paying it over to a proper committee. The fact that it made the award in this case shows that it is in reality an "interested party" and has the right to ask for the removal of the committee.

■    Under section 5417 of the Code, the court has the power to remove a fiduciary "on evidence adduced before it by any party interested" * * * "or whenever, from any cause it appears proper, revoke and annul his powers; * * *."

This section is intended to provide a summary and informal means for the removal of an unsuitable or unfaithful fiduciary.

Our conclusion is that the Veterans' Bureau is a "party interested" and is entitled to maintain and prosecute this notice; that the General Assembly has recognized the Veterans' Bureau as an "interested party" by the passage of section 1050a of the Code, and further that when this matter was brought to the attention of the court, it should have directed the necessary inquiry, and if it appeared necessary, should have issued a rule against the committee to show cause why he should not be removed. The demurrer should have been overruled and a hearing granted, allowing the Veterans' Bureau to present, in court, any evidence it may have had showing that Thomas was not a competent and suitable person to act as committee for Henry Williams, the insane person.

· The judgment complained of is reversed and the case is remanded to the trial court for further proceedings.

*Reversed.*