*In re* MINOR'S GUARDIANSHIP. ·

(Division B.  Jan. 16, 1933.)

[145 So. 507.  No. 30350.]

**Dunn & Snow**, of Meridian, for appellant.

330

Allen Crenshaw, of Washington, D. C., and R. R. Dins-
more and D. G. Fountain, both of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Lauderdale county, denying the petition of J. H. Minor, guardian of Roy C. Minor, a person of unsound mind, for a fee to an attorney for services rendered in

procuring adjusted compensation for Roy C. Minor, who was a soldier in the late World War, and who subsequently became insane and was confined in the insane asylum.

Roy C. Minor had a policy of war risk insurance from the government. When J. H. Minor took out letters of guardianship, he noted that a portion of the premium was in default, and he sought to pay the premium to the government, which refused to receive it. He thereupon consulted his attorney, and they agreed that the attorney would undertake to investigate the matter and take the necessary steps to procure the reinstatement of the policy or adjusted compensation, and that the attorney would be paid such compensation for his services as the court would allow. This attorney, at considerable expense of time and money, investigated the matter fully, and established that Roy C. Minor became wholly incapacitated before the lapse of the policy. This attorney took proof and presented same to the government, which accepted the situation, and allowed to the guardian, as adjusted compensation, the sum of twelve thousand six hundred sixty-six dollars, of which eleven thousand dollars had been paid prior to the filing of the petition.

It was established, and the chancellor found, that the attorney's services were reasonably worth ten per cent of said amount, and that the soldier's compensation was secured through the efforts of the attorney, but the chancellor further found that, under section 551, United States Code Ann. title 38, he could not allow the fee, as no suit had been filed on behalf of Roy C. Minor for the purpose of procuring this adjusted compensation, and disallowed the claim.

It is undisputed that the government can, so long as the matter is in its control, fix fees which shall be allowed out of funds provided by it, such as compensation in the present case. Section 551 provides as follows:

"Except in the event of legal proceedings under section 445 of this chapter, no claim agent or attorney except the recognized representatives of the American Red Cross, the American Legion, the Disabled American Veterans, and Veterans of Foreign Wars, and such other organizations as shall be approved by the director shall be recognized in the presentation or adjudication of claims under Parts II, III, and IV of this chapter, and payment to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers in any application to the bureau shall not exceed ten dollars in any one case: Provided, however, That wherever a judgment or decree shall be rendered in an action brought pursuant to said section 445 of this chapter the court, as a part of its judgment or decree, shall determine and allow reasonable fees for the attorneys of the successful party or parties and apportion same if proper, said fees not to exceed ten per centum of the amount recovered and to be paid by the bureau out of the payments to be made under the judgment or decree at a rate not exceeding one-tenth of each of such payments until paid. Any person who shall, directly or indirectly, solicit, contract for, charge, or receive, or who shall attempt to solicit, contract for, charge, or receive, any fee or compensation, except as herein provided, shall be guilty of a misdemeanor, and for each and every offense shall be punishable by a fine of not more than five hundred dollars or by imprisonment at hard labor for not more than two years, or by both such fine and imprisonment."

As no suit was filed, it appears that the fee as allowed by this section shall be ten dollars, and the courts cannot allow more where there is no suit filed.

The validity of the federal statute was upheld in the case of Margolin v. United States, 269 U. S. 93, 46 S. Ct. 64, 70 L. Ed. 176. In Welty v. United States (C. C. A.), 2 F. (2d) 562, it was held that the statute does not prevent a guardian, or other person, paying, out of

his own funds, compensation to an attorney for his services, but that the estate of the ward could not be taxed with an additional fee, unless suit was filed.

In the case at bar, it is true that the actual expenses of the attorney largely exceeded the fee allowed by the statute, but we are without power to create authority to tax the estate of the soldier with additional fees.

The judgment of the court below will therefore be affirmed.

Affirmed.