In the Matter of the Estate of FRED SHINBERG, an Incompetent Person.

FRANK T. HINES, as Administrator of the VETERANS ADMINISTRATION, Appellant; SANFORD N. SCHWARTZ, Respondent.

First Department, April 7, 1933.

*Leo J. Ross* of counsel [*James A. Clark*, attorney], for the appellant.

*John A. Sherman* of counsel [*Nathan Lewis* with him on the brief; *Sanford N. Schwartz*, attorney], for the respondent.

MARTIN, J.   The incompetent, Fred Shinberg, while in the United States Army overseas broke his leg and contracted several serious diseases, including a disease of the ear which necessitated three operations, and thereafter he became permanently disabled.   As the owner of a war risk insurance policy for the sum of $10,000, he presented a claim to the Veterans Bureau for disability benefits, but his application was denied.

The respondent, Sanford N. Schwartz, was then retained as his attorney.   He instituted an action on the policy against the United States government by the service of a summons and complaint. The government, through the United States Attorney, interposed an answer.

Thereafter, negotiations were entered into between the respondent attorney and the United States Attorney, and an amicable agree-

ment of settlement was reached whereby the government agreed to pay the incompetent $5,272.32 in a lump sum and $54.92 monthly for the rest of his life. No judgment or decree, however, was entered at any time. In order that the payments could be made, the action was discontinued on the demand of the government. The proceeds of the settlement were thereafter paid to the veteran through the committee appointed for the incompetent.

The respondent then made an application to the Supreme Court, New York county, for an allowance for legal services rendered in the institution, prosecution and settlement of the action against the United States government, in which application the committee of the incompetent joined. The Special Term allowed the respondent ten per cent of the lump sum award of $5,272.32, or $527.23, and entered an order to that effect on May 3, 1932.

On September 1, 1932, section 1384-t of the Civil Practice Act became effective. This section permitted the United States Veterans Administration to become a party in interest in matters involving veterans' estates. In pursuance of the provisions thereof, Mr. James A. Clark, chief attorney of the Veterans Administration, on November 9, 1932, made application to vacate the order appealed from upon the grounds that the attorney for the incompetent was limited to a fee of ten dollars for his services; that a judgment or decree had not been entered in the United States court and that the respondent is an ordinary creditor of the veteran and has no lien upon the award made.

The respondent contends that inasmuch as the settlement was made after the claim had been denied by the government and after he had instituted an action in the United States District Court, he is not bound by the ten-dollar limitation.

All the parties connected with the litigation speak in very glowing terms of the able services rendered by the respondent in behalf of the incompetent. Mrs. Shinberg, the wife of the veteran, has submitted an affidavit in which she avers that her husband would not have received anything if it had not been for the services of the respondent, Sanford N. Schwartz.

The appellant contends, however, that it is his duty to object to the allowance made by the court, in view of the provisions of title 38 of the United States Code Annotated, section 551, to the effect that the payment of any claim agent or attorney for assistance in the preparation and execution of necessary papers in any application to the bureau shall not exceed ten dollars; that wherever a decree or judgment shall be rendered in an action, the court shall determine and allow reasonable fees for the attorney not to exceed ten per cent of the amount recovered, the respondent

is bound by the provisions thereof, and not having applied for a decree or judgment he becomes a creditor against the estate of the incompetent person.

Title 38 of the United States Code Annotated, section 551, reads as follows: "Amount permitted to be paid agents or attorneys; solicitation, etc., of unauthorized fees or compensation; punishment. Except in the event of legal proceedings under section 445 of this Chapter, no claim agent or attorney except the recognized representatives of the American Red Cross, the American Legion, the Disabled American Veterans, and Veterans of Foreign Wars, and such other organizations as shall be approved by the director shall be recognized in the presentation or adjudication of claims under Parts II, III, and IV of this Chapter, and payment to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers in any application to the bureau shall not exceed $10 in any one case: *Provided, however,* That wherever a judgment or decree shall be rendered in an action brought pursuant to said section 445 of this Chapter the court, as a part of its judgment or decree, shall determine and allow reasonable fees for the attorneys of the successful party or parties and apportion same if proper, said fees not to exceed 10 per centum of the amount recovered and to be paid by the bureau out of the payments to be made under the judgment or decree at a rate not exceeding one-tenth of each of such payments until paid. Any person who shall, directly or indirectly, solicit, contract for, charge, or receive, or who shall attempt to solicit, contract for, charge, or receive, any fee or compensation, except as herein provided, shall be guilty of a misdemeanor, and for each and every offense shall be punishable by a fine of not more than $500 or by imprisonment at hard labor for not more than two years, or by both such fine and imprisonment."

We are confronted with the emphatic language of this statute, which provides that an attorney must not take more than ten dollars for services rendered to an incompetent person, unless a judgment or decree is entered, at which time the court must provide in said judgment or decree for the allowance of a reasonable fee not to exceed ten per centum of the amount recovered and to be paid. This statute was considered in *Welty* v. *United States* (2 F. [2d] 562) where the court held that the statute does not prevent a guardian, or other person, paying out of his own funds compensation to an attorney for his services, but that the estate of the ward should not be taxed with an additional fee unless suit is filed.

In *Purvis* v. *Walls* (184 Ark. 887; 44 S. W. [2d] 353) an attorney was indicted for taking more than the fee permitted by statute.

He accepted $1,380 for securing benefits under war risk insurance similar to those secured in this case. After a trial in the District Court he was convicted and on appeal the conviction was affirmed. (*Purvis* v. *United States*, 61 F. [2d] 992.) Judge KENYON wrote an opinion for the Circuit Court of Appeals, in which he held it to be a crime to take more than the ten dollars allowed by statute, unless such allowance is made as provided by law. (See, also, *Lopez* v. *United States*, 17 F. [2d] 462; *Margolin* v. *United States*, 269 U. S. 93.)

In *Matter of Zadurian* (142 Misc. 24) the surrogate of New York county in a similar case disallowed a claim of $1,500, stating: " This court will not affirmatively join in a violation of the rules governing attorneys' fees in such Federal matters as the war risk insurance. The amount involved in the assignment does exceed the allowance permitted by the Federal rule. * * * The claim in the sum of $1,500 is disallowed."

The argument is here made that suit was brought in the present instance. It must be admitted, however, that the suit was discontinued and the claim settled by the government with the committee for the incompetent.

This is not a case where a judgment or decree was entered. Although the statute does say that the ten-dollar limitation applies where no suit has been filed, nevertheless it also provides that any allowance to be made where a suit has been filed must be made in the judgment or decree growing out of that action.

There may be cases where the enforcement of this statute will result in a hardship. Admitting that this may be such a case, nevertheless the necessity for such a statute must be apparent, especially in view of the great need of protection for people who really are wards of the court and who in the absence of such statutory provision would, in many cases, be preyed upon by the unscrupulous. Because it safeguards and protects the unfortunates who are wholly dependent upon the government for support, this statute should be rigidly enforced.

In the present case the court had no power to award any portion of the war risk insurance to the attorney for the committee of the incompetent.

The order should be reversed and the motion granted.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed and motion granted.