36 P.(2d) 526

In re CUELLAR'S ESTATE.

TORRES v. HINES, Adm'r Veterans' Affairs.

No. 3953.

Supreme Court of New Mexico.

Oct. 1, 1934.

Wm. J. Eaton, of Socorro, for appellant.

W. F. Cheek, of Albuquerque, for appellee.

HUDSPETH, Justice.

Domingo Cuellar, a resident of Socorro county, N. M., was inducted into the United States Army during the World War and was granted a policy of war risk insurance. While in the service he became incompetent and was

placed in a government hospital where he now is. He receives a pension of $100 a month in addition to the monthly payment of $57.50 under his war risk insurance policy. These payments have been made by the Federal Government for a number of years to the guardians of Domingo Cuellar appointed by the probate court of Socorro county. The matter of the guardianship of his estate was removed to the district court of Socorro county by the appellee under the provision of 1929 Comp. Stat. § 34-422. To test the validity of this order of removal the guardian appointed by the probate court prosecutes this appeal. The sole question for determination is whether Frank T. Hines, Administrator of Veterans' Affairs, is such an "interested party" as is contemplated by the statute authorizing the removal of a cause from the probate court to the district court.

The appellee is the executive officer appointed by the Federal Government to administer the war risk insurance and pension laws. He has authority to appear in state probate courts as the representative of the donor of the funds for the purpose of objecting to the maladministration of the estates of insane veterans, who are beneficiaries of these laws.

On the subject of the right to have adverse rulings of probate courts judicially reviewed, Mr. Chief Justice Tolman in Re Guardianship of MacNair et al., 163 Wash. 508, 2 P.(2d) 82, 83, said:

"At the outset we are met by a motion to dismiss the appeal of the federal officials upon the theory that they have no legal capacity to sue, are not parties in interest entitled to appeal, and that they have no authority under the laws of the United States or of this state to prosecute this or any like appeal.

"Since the guardian has joined in the appeal and may prosecute it if its coappellants be dismissed out of the case, the question is here largely academic. Still, as the answer seems obvious, we may say that, as these officials have power and authority under the federal statute to raise such questions in the trial court, we think they may appeal from an adverse decision and litigate the question to a final determination. The federal statute (World War Veterans' Act 1924, § 21, subd. 2, as amended by the Act of May 29, 1928, § 2, being chapter 875, 45 Stat. 964 [38 USCA § 450, subd. 2]) provides:

" '(2) Whenever it appears that any guardian, curator, conservator, or other person is not, in the opinion of the director, properly executing the duties of his trust or has collected or is attempting to collect fees, commissions, or allowances that are inequitable or are in excess of those allowed by law for the duties performed or expenses incurred, or has failed to make such payments as may be necessary for the benefit of the ward or the dependents of the ward, then and in that event the director is hereby empowered by his duly authorized attorney to appear in the court which has appointed such fiduciary and make proper presentation of such matters to the court: Provided, That the director in his discretion may suspend payments to any such guardian, curator, conservator, or other person who shall neglect or refuse, after reason-

able notice, to render an account to the director from time to time showing the application of such payments for the benefit of such minor or incompetent beneficiary.

" 'Authority is hereby granted for the payment of any court or other expenses incident to any investigation or court proceeding for the appointment of any guardian, curator, conservator, or other person legally vested with the care of the claimant or his estate or the removal of such fiduciary and appointment of another, and of expenses in connection with the administration of such estates by such fiduciaries, when such payment is authorized by the director.'

"Clearly it is here contended that the guardian of the persons of the minors who sought and obtained the allowance here in issue was thus 'attempting to collect * * * allowances that are inequitable, * * *' and if authorized in the first instance to contest such an allowance, the officials have sufficient interest to permit them to appeal. National Association of Creditors v. Grassley, 159 Wash. 185, 292 P. 416. The motion to dismiss is denied."

See, also, In re Guardianship of Pitman, 107 Okl. 108, 238 P. 417.

■ The position of the appellee is much like that of a next friend. Courts do not subject petitions of next friends of insane persons to the same tests as complaints in actions at law. If there is sufficient stated to inform the court that it should interfere for the protection of a person dependent upon it for protection, the duty is then upon the court to inform itself and take the necessary steps to protect the unfortunate who is incapable of protecting himself.

"As we have indicated, a proceeding for the appointment of a guardian for an insane person has its foundation in the theory that the public has an interest in the welfare of such unfortunates and in the preservation of their property. * * *" Hayward v. Hayward et al., 65 Ind. App. 440, 115 N. E. 966, 975, 116 N. E. 746.

■ Before the enactment of the amendment of 1928 to the federal statute quoted above, the New Mexico Legislature had recognized the advisability of having federal supervision of the administration of estates of this class by the enactment of Laws 1927, c. 136 (1929 Comp. Stat. § 85-124), and Laws 1927, c. 137 (1929 Comp. Stat. § 62-122). Chapter 137 reads as follows: "Section 1. That Section No. 2575 of the code of 1915 be and the same is hereby amended to read as follows: 'Sec. 2575. Every guardian shall render an account of his guardianship at the end of one year from his appointment, and shall fully account for all moneys, effects and property of his ward that may come to his hands, and shall afterwards render *annual* accounts and make settlement of his guardianship from time to time as the court of probate may by order direct; *Provided, that in those cases where the person under guardianship is in receipt of financial benefits from the U. S. Veterans' Bureau, the court shall take no action toward the allowance of any account tendered by the guardian of such person until thirty days notice of the filing of such account shall have been afforded by the court to the U. S. Veterans' Bu-*

*rcau by which payments are being or have been made on behalf of such person, in order to permit the filing of any protest by such U. S. Veterans' Bureau against the allowance of the account so tendered.' "*

The amendment appears in italics. Code 1915, § 2575, was originally enacted as Laws 1859–60, p. 52, § 24, and then applied to guardians of insane persons as well as to guardians of minors and idiots. It was brought down without change until the 1927 amendment was added. Mr. Chief Justice Watson recently reviewed the legislation on this subject in Re Miera's Guardianship, 38 N. M. 377, 34 P.(2d) 299. The decision there reviewed was rendered prior to the enactment of Laws 1933, c. 76. That law did not repeal the acts by which jurisdiction was conferred on probate courts in the guardianship of estates of insane persons. No provision was made therein with reference to the many cases of guardianship of insane persons then pending in the probate courts. We are not in accord with appellant's view that the repeal by the 1933 act of 1929 Comp. Stat. § 85-124 left the appellee without standing in the courts of this state in cases of this class. After that section was repealed, section 24 of the act of 1859–60 as amended gave the appellee specific authority to appear in the probate court; and there can be little doubt that the Legislature intended that the appellee should have the same right to judicial review of adverse decisions of probate courts as the law accords other "parties interested in the estates."

The Supreme Court of Appeals of Virginia, in United States Veterans' Bureau v. Thomas, 156 Va. 902, 159 S. E. 159, 161 stated the rule clearly:

"The federal government has adopted our state courts as the means whereby the compensation of incompetent veterans of the World War may be administered and used for their benefit. The Veterans' Bureau, constituted and created for the purpose of paying the compensation to a committee of an incompetent, is further directed, by the act creating it and defining its powers and duties, to co-operate with the state courts in the matter of appointing committees for insane veterans. It seems only fair that our courts should in turn co-operate with the Veterans' Bureau in such matters, to the end that, when an incompetent is entitled to compensation, it may be paid to his committee promptly, and used for his benefit as it accrues.

"In this case it is apparent that the entire estate of the incompetent consists of this compensation, and nothing else. If this be true, his entire estate is derived solely from the Veterans' Bureau. It is the donor of the fund or gratuity. It is interested to see that the fund is used for the benefit of the incompetent.

"If the committee is acting in good faith, he cannot be hurt by a hearing on the notice and giving the Veterans' Bureau an opportunity to present its facts, if it has any, showing why he should be removed.

"When a responsible party brings a matter of this kind to the attention of the court, ordinarily it should act by rule or otherwise under section 5417 of the Code.

"The Veterans' Bureau, not having a direct beneficial interest in the estate of the incompetent, may not be an 'interested party' in the limited and technical sense, yet it is the source of the fund, materially interested in performing its duty and paying it over to a proper committee. The fact that it made the award in this case shows that it is, in reality, an 'interested party' and has the right to ask for the removal of the committee."

Finding no error, the order of removal should be affirmed, and it is so ordered.

WATSON, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.