[Sac. No. 5051.   In Bank.—August 7, 1936.]

In the Matter of the Guardianship of the Estate of RAY-MOND COPSEY, an Incompetent Person.   FRANK T. HINES, Administrator of Veterans' Affairs, Appellant, v. LENA COPSEY, as Guardian, etc., Respondent.

James B. Burns, Chief Attorney, Veterans' Administration, and A. J. Whalen, Assistant Chief Attorney, Veterans' Administration, for Appellant.

Arthur L. Wessels and Frank W. Taft for Respondent.

CURTIS, J.—Motion to dismiss an appeal from that portion of an order of court allowing and approving the thirteenth annual account of the guardian of the estate of Raymond Copsey, an incompetent person, which allows fees to the attorney for said guardian ''for services alleged to have been rendered in said matter in the amount of $649.49 for his ordinary services and in the amount of $4,000 for his extraordinary services rendered.''

Raymond Copsey, the incompetent, was a veteran of the World War, and his entire estate, which was administered by his guardian in this matter, was derived from the government of the United States, and consisted of the various sums of money paid by the government of the United States in pursuance of the World War Insurance Act, and other federal statutes, providing aid to soldiers who served their government in said war. The appeal was taken by Frank T. Hines, administrator of veterans' affairs.

The motion to dismiss the appeal was based upon eight grounds, only two of which merit any extended discussion, and these two in reality involved only one question, and that is the right of the administrator of veterans' affairs to appear in said guardianship matter and take an appeal from the court's order allowing that portion of the guardian's account appealed from. Before discussing this question, we might say regarding the other six grounds which are made the basis of this motion, that the notice of appeal was filed in time, having been filed within less than sixty days from the date of the order appealed from; the same may be said regarding the time and filing notice to prepare transcript; there is no provision of law requiring the notice of appeal to be addressed to the opposite party; the record fails to show that the appellant acquiesced in the order

appealed from; the failure to file an undertaking to secure the cost of the preparation of the record on appeal is no ground for the dismissal of the appeal; and the general statement that the appellant by his conduct has waived his right to take said appeal is not supported by the record before us.

Addressing ourselves to the two other grounds upon which the motion is based, and which in our opinion require a more detailed discussion, they are set forth in the respondent's moving papers substantially as follows: That the nominal appellant is not aggrieved, and that the appellant is not a party to the proceedings in the trial court, and is, therefore, without any right to appeal from the order of said court.

By an act of Congress, the United States Veterans' Bureau was created, the executive officer of which is the administrator of veterans' affairs. Among other requirements, the act provides that: "Whenever it appears that any guardian, curator, conservator, or other person, in the opinion of the Administrator, is not properly executing or has not properly executed the duties of his trust or has collected or paid, or is attempting to collect or pay, fees, commissions, or allowances that are inequitable or in excess of those allowed by law for the duties performed or expenses incurred, or has failed to make such payments as may be necessary for the benefit of the ward or the dependents of the ward, then and in that event the Administrator is empowered by his duly authorized attorney to appear in the court which has appointed such fiduciary or in any court having original, concurrent, or appellate jurisdiction over said cause, and make proper presentation of such matters; Provided, That the Administrator, in his discretion, may suspend payments to any such guardian, curator, conservator, or other person who shall neglect or refuse, after reasonable notice, to render an account to the Administrator from time to time showing the application of such payments for the benefit of such incompetent or minor beneficiary; Provided further, That the Administrator is authorized and empowered to appear or intervene by his duly authorized attorney in any court as an interested party in any litigation instituted by himself or otherwise, directly affecting money paid to such fiduciary under this section." (38 U. S. Code, Ann., sec. 450.) By section 1657

of the Probate Code of this state, it is made the duty of every guardian of an estate who has received on account of his ward, any moneys from the United States Veterans' Bureau, to annually file a verified account of all moneys received and disbursed, and to send a certified copy of said account to said bureau, together with notice of the time and place of hearing said account, not less than fifteen days prior to the date fixed for the hearing of said account. It will thus be seen that the federal statute has given to the administrator of veterans' affairs the right to appear in any proceeding in court where, in the opinion of the administrator, the guardian is not properly executing his duties or is attempting to pay fees, commissions, or allowances in excess of those allowed by law. This right has been at least impliedly approved by this state by the enactment of the Uniform Veterans' Guardianship Act (Probate Code, sec. 1650 to 1669, both inclusive), of which section 1657 above cited is a part.

We will now return to the consideration of the two grounds of dismissal last mentioned, the first of which is that the nominal appellant, Frank T. Hines, as administrator of veterans' affairs, is not an aggrieved party within the meaning of section 938 of the Code of Civil Procedure, which provides that, ''Any party aggrieved may appeal''. The administrator acts only in a representative capacity in which he represents only the interest of the ward. This duty, as we have seen, has been placed upon him by the federal statutes with the approval of our own state. The ward, whose estate is made liable for the fee allowed the attorney for the estate, is in every sense of the words an aggrieved party. A goodly portion of his estate has by the decree appealed from been ordered by the court to be paid to his attorney. The order is in the nature of a judgment against the ward from which the law allows an appeal by the representative of the ward. It is true that the new guardian might have, in our opinion, appealed from said order, but the fact that it has not done so does not bind the ward, nor relieve the administrator from his duty in the premises. This same question has been before the courts of other states, and in every instance to which our attention has been called, it has been held that the administrator or the bureau which he represents has such an interest in

the subject matter of the appeal as would entitle him, or the bureau, to appeal from an order like that involved in this proceeding. (*United States Veterans' Bureau* v. *Thomas,* 156 Va. 902 [159 S. E. 159]; *Hines* v. *Hook,* (Mo.) 89 S. W. (2d) 52; *Hines* v. *McCoy,* 172 Miss. 153 [159 So. 306]; *In re Shinberg's Estate,* 238 App. Div. 74 [263 N. Y. Supp. 354]. See also, *In re Minor's Guardianship,* 164 Miss. 329 [145 So. 507]; *Hines* v. *Paregol,* 77 Fed. (2d) 953 [64 App. D. C. 306].)

█ The other of the two grounds upon which the motion to dismiss is based is equally untenable. This ground, as we have seen. is that the appellant, the administrator of veterans' affairs, was not a party to the proceeding in the probate court and, therefore, has no standing as an appellant in this court. As we have already shown the administrator simply represents the interest of the ward. He is expressly authorized and directed by the federal statute, for the protection of the ward's interests, to appear in any court having original or appellate jurisdiction over any cause where it appears that the guardian is attempting to pay fees or allowances which are inequitable or in excess of those allowed by law. Therefore, when his attention was called to the order approving the guardian's account and allowing the attorney for the ward the fees set forth above, it was his duty to protect the interest of the ward, if in his judgment the fees were illegal or exorbitant. To this end he was authorized to appear in the probate court and file the required notices in order to effect an appeal from the order, and also to appear in this court to prosecute said appeal. But aside from the above considerations, the fact that he had not appeared at the hearing of the guardian's account and objected to the same did not deprive him of the right to appeal therefrom. (11 Cal. Jur. 199; *Estate of Benner,* 155 Cal. 153 [99 Pac. 715]; *Estate of Levy,* 4 Cal. (2d) 223 [48 Pac. (2d) 675].)

Respondent has directed our attention to a recent case decided by the United States Supreme Court, *Frank T. Hines* v. *Minnie Stein, as Guardian, etc.,* (298 U. S. 94 [56 Sup. Ct. 699, 80 L. Ed. 1063]), decided April 27, 1936, which he claims is conclusive of the present appeal. In that case the administrator of veterans' affairs objected to an attorney's fee, which was allowed by the local court to an

attorney for special services rendered by him in the guardianship matter, on the ground that the same was in excess of the amount fixed by the federal statutes and in the President's order promulgated thereunder. Practically the same contentions made by the appellant in the present guardianship matters were made there. The Supreme Court of the United States held in that case that, "We find nothing in any of these Acts of Congress which definitely undertakes to put limitation upon state courts in respect of guardians or to permit any executive officer, by rule or otherwise, to disregard and set at naught orders by courts to guardians appointed by them." It accordingly affirmed the order of the court of common pleas fixing and allowing said attorney's fees. But in that case the appellant admitted that the services were rendered by the attorney and that the charge was reasonable. While the appellant in his brief does not stress the point that the charge of $4,000 for extraordinary services rendered by the attorney in the Copsey guardianship matter was unreasonable, he does not expressly or by implication in any stage of these proceedings admit its reasonableness. This distinction between the two cases deprives the cited case of any authoritative force upon the hearing of respondent's present motion to dismiss. Incompetent persons are made the special wards of the court, and it is the duty of the court to protect them and their property whenever it appears from the records in any proceeding before the court that such protection is necessary or advisable.

The motion is denied.

Shenk, J., Waste, C. J., and Seawell, J., concurred.