*750
 
 CURTIS, J.
 

 This is an appeal taken by Frank T. Hines, Administrator of Aeterans’ Affairs, from a portion of an order of the Probate Court of Mendocino County, settling the thirteenth annual account of the guardian of the estate of Raymond Copsey, an incompetent person. Raymond Copsey, the incompetent person, was a veteran of the World War, having enlisted on September 7, 1917. His entire estate consisted of funds derived from the government of the United States, in pursuance of the World War Insurance Act, and other federal statutes providing for federal aid to soldiers who served in said war, which estate had been administered since June, 1922, by his sister, Lena Copsey, under letters of guardianship issued out of said probate court. In August, 1935, she presented to said probate court her thirteenth annual account in which she sought to have the Bank of America National Trust and Savings Association appointed as guardian in her place and stead, and also sought to have the court fix and determine a reasonable allowance monthly for the support of the aged father and mother of the incompetent. The said account set forth in detail the various sums of money received from the United States government at the rate of $100 per month as compensation payments, and the sum of $11,945, received in pursuance of the allowance on June 6, 1935, of a claim for permanent disability benefits under a World War insurance certificate for total permanent disability at the rate of $57.50 per month from June 19, 1918, and paid in a lump sum to the guardian of the incompetent person by the United States government. The account also showed the total disbursements for the period subsequent to the last annual accounting of $1,022.69, which left a balance of $17,581.36 in the hands of the guardian. The guardian petitioned in said account that the court fix a reasonable fee to be paid to her as guardian, and also that the court fix a reasonable fee to be paid to her attorney, A. L. Wessels, for his ordinary services as attorney for the guardian since the date of the filing of the previous annual account, and also fix and determine “a reasonable sum to be paid to A. L. Wessels, for his extraordinary services as attorney for said guardian, since her appointment as guardian aforesaid on June 9, 1922, in taking all necessary proceedings, in performing all necessary acts, in preparing all necessary forms
 
 *751
 
 of applications, claims and documents, and in the prosecution of such claims, for the sum of $57.50 per month due said ward under the provisions of his World War Insurance Certificate, and in securing the allowance of such claim wherein and whereby the ward was allowed and paid by the Veterans’ Administration the sum of $11,945.00 on August 1, 1935, being the amount that was due and owing said ward under his War Risk Insurance Certificate, at the rate of $57.50 from the 19th day of June, 1918, ...” The order approving said account allowed to the attorney for his ordinary services since the filing of the previous annual account, the sum of $649.49, being 5 per cent of the gross income of said estate during said period, which income included the sum of $11,945, received pursuant to the allowance of the claim for total permanent disability benefit to the incompetent veteran since June 19, 1918. Said order likewise allowed and authorized to be paid to said attorney by the guardian out of the estate of the incompetent veteran, “the sum of $4,000.00 for extraordinary services rendered by him since the 9th day of June, 1922, in taking all necessary proceedings and in the prosecution of the claim of Raymond Copsey for insurance benefits under his War Risk Insurance Certificate, and in securing for him and said estate the sum of $11,945.00, being the amount due him at the rate of $57.50 per month under the provisions of said War Risk Insurance Certificate since the 19th day of June, 1918, down to the first day of August, 1935, and also securing for him the sum of $57.50 per month each month from and after the first day of August, 1935, and so long as the said Raymond Copsey may live. ...” It is from that portion of the order which allowed said fees to the attorney for said ordinary services in the sum of $649.49, and for said extraordinary services in the sum of $4,000 that this appeal is taken. However, no contention is made in the briefs of the appellant with reference to the allowance of attorneys’ fees for ordinary services, and this question will not, therefore, be discussed.
 

 In
 
 Guardianship of Copsey,
 
 7 Cal. (2d) 199, 200 [60 Pac. (2d) 121], the question was presented to this court, upon a motion to dismiss the appeal, of whether the administrator of veterans ’ affairs had the right to take an appeal from such order. It was there hold affirmatively that the administrator of veterans’ affairs was a party aggrieved with a right to
 
 *752
 
 appeal from an order allowing attorneys’ fees out of the estate of an incompetent war veteran where the estate consisted of money derived from the federal government in pursuance of the World War Insurance Act and other federal statutes. The opinion further held that the fact that the administrator of veterans’ affairs did not appear at the hearing of the guardian’s account and object to its settlement did not deprive him of the right to appeal therefrom.
 

 Appellant contends that inasmuch as section 551 of the World.War Veterans’ Act (38 U. S. C. A. 551) fixes the fees which an attorney can receive in matters pertaining to recovery of war risk insurance matters (i. e., at a sum not to exceed $10 for assistance in the preparation of the necessary papers in any application to the veterans ’ administration or, if suit be brought, such sum as a part of a judgment-recovered as the court may allow, not exceeding 10 per cent thereof, and provided that any attempt to solicit, contract for, charge, or receive any fee or compensation, except as so provided, is a misdemeanor), the allowance by the court in this proceeding of a fee of $4,000 to an attorney for services performed in the procurement of the payment of a permanent disability benefit in the sum of $11,945, and $57.50 for the remainder of the life of the veteran, was clearly exorbitant and invalid, and against the express provisions of said section.
 

 Said section 551 of title 38 of the United States Code reads as follows: “Amount permitted to be paid agents or attorneys : SOLICITATION, ETC., OP UNAUTHORIZED PEES OR COMPENSATIONS : punishment. Except in the event of legal proceedings under section 445 of this chapter, no claim agent or attorney except the recognized representatives of the American Red Cross, the American Legion, the Disabled American Veterans, and Veterans of Foreign Wars, and such other organizations as shall be approved by the director shall be recognized in the presentation or adjudication of claims under Parts II, III, and IV of this chapter, and payment to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers in any application to the bureau shall not exceed $10 in any one case; Provided, however, That wherever a judgment or decree shall be rendered in an action brought pursuant to said section 445 of this chapter the court, as a part of its
 
 *753
 
 judgment or decree, shall determine and allow reasonable fees for the attorneys of the successful party or parties and apportion same if proper, said fees not to exceed 10 per centum of the amount recovered and to be paid by the bureau out of the payments to be made under the judgment or decree at a rate not exceeding one-tenth of each of such payments until paid. Any person who shall, directly or indirectly, solicit, contract for, charge, or receive, or who shall attempt to solicit, contract for, charge, or receive, any fee or compensation, except as herein provided, shall be guilty of a misdemeanor, and for each and every offense shall be punishable by a fine of not more than $500 or by imprisonment at hard labor for not more than two years, or both such fine and imprisonment.”
 

 The authority of Congress to fix fees for attorneys on claims against the government, as set forth in section 551, title 38 of the United States Code, has been upheld by the Circuit Courts of the United States.
 
 {Lopez
 
 v.
 
 United States,
 
 17 Fed. (2d) 462;
 
 Purvis
 
 v.
 
 United States,
 
 61 Fed. (2d) 992. See, also
 
 Welty
 
 v.
 
 United States,
 
 2 Fed. (2d) 562.) And in
 
 Margolin
 
 v.
 
 United States,
 
 269 U. S. 93 [46 Sup. Ct. 64, 70 L. Ed. 176], the United States Supreme Court affirmed a sentence imposed by the District Court on an attorney for receiving a fee of $1500 as compensation for services in preparing and presenting to the veterans’ bureau a claim for insurance money under the War Risk Insurance Act. The above cited eases deal with cases of competent veterans, and establish beyond dispute that Congress in order to protect veterans from extortionate fees for the performance of services by attorneys and to see that the money allowed to war veterans in insurance is properly and economically administered possesses the constitutional power to regulate charges that can be made for services rendered to applicants for compensation under the War Risk Insurance Act. In view of the fact that incompetent persons are made the special wards of the court, and it is the duty of the court to protect them and their property
 
 {Guardianship of Copsey, supra),
 
 it would seem to follow as a matter of reason and logic that attorneys’ fees, in excess of the schedule set out in section 551, title 38, United States Code, as permissible to be allowed an attorney for a competent veteran, could not be validly allowed to the attorney for the guardian of an in
 
 *754
 
 competent veteran. Several state courts have so held.
 
 (In re Shinberg,
 
 238 App. Div. 74 [263 N. Y. Supp. 654];
 
 In re Roy C. Minor,
 
 164 Miss. 329 [145 So. 507];
 
 Hines
 
 v.
 
 McCoy,
 
 172 Miss. 153 [159 So. 306].) If the government is zealous to protect competent veterans from unreasonable expense in the collection of their claims for government aid, with how much more reason should the estates of incompetent veterans be protected from excessive charges. We are, however, squarely faced with the recent decision of the United States Supreme Court in the case of
 
 Hines
 
 v.
 
 Stein, as Guardian, etc.,
 
 298 U. S. 94 [56 Sup. Ct. 699, 80 L. Ed. 1063], decided April 27, 1936, in which the court held: “We find nothing in these Acts of Congress which definitely undertakes to put limitation upon state courts in respect of guardians or to permit any executive officer, by rule or otherwise, to disregard' and set at naught orders by courts to guardians appointed by them.” The court therein affirmed the order of the court of common pleas of Allegheny County, Pennsylvania, fixing and allowing attorneys’ fees in the sum of $100 for special services rendered by him in a guardianship matter, and rejected the contention of the administrator of veterans’ affairs that the fee should be limited to actual expenses incurred and a fee of $2. The court concludes with the statement that, “The broad purpose of regulations in respect of fees of those concerned with pension matters is to protect the United States and beneficiaries against extortion, imposition or fraud.
 
 (Calhoun
 
 v.
 
 Massie,
 
 253 U. S. 170, 173 [40 Sup. Ct. 474, 64 L. Ed. 843].) Dangers of this character are not to be expected in connection with the orderly exercise of authority by state courts over appointees properly entrusted with pension funds.” Although the above case deals with compensation payments, whereas the instant case deals with insurance, and although the sections involved are different, sections 111, 114 and 115 of title 38, U. S. C. A., being involved in the cited case, whereas section 551 of title 38, U. S. C. A., is the section which governs and controls in the instant case, these differences do not furnish a logical basis for a distinction between the cited case and the instant ease nor furnish us with a reasonable basis for holding that the ease of
 
 Hines
 
 v.
 
 Stein, supra,
 
 is not controlling in the instant case. We are, therefore, constrained to hold, by virtue of this recent decision of the United States Supreme Court, that the probate
 
 *755
 
 court ip the instant ease could validly allow an attorney's fee for services rendered to the guardian of an incompetent veteran in excess of the schedule set out in section 551 of title 38 of the United States Code.
 

 However we question whether the fee allowed in the instant ease was justified under the facts before the probate court. The final account set out in minute detail the nature of the work performed by the attorney in the instant case, and the findings of the court upon which the allowance was based, as contained in the order approving the final account, follow the allegations of the petition closely. It clearly and conclusively appears from the record that the $4,000 attorney’s fee was allowed for extraordinary services performed solely in the recovery for the estate of the incompetent of said sum of $11,945 and the future allowance of $57.50 during the lifetime of the incompetent veteran. It further appears that no action was ever brought to recover said amount, but the same was allowed and paid to the guardian upon the presentation of a claim by her to the Veterans’ Administration. Under the terms of section 551, title 38, of the United States Code, it will be noted that in an action brought to recover permanent disability benefits, the court in such action may allow reasonable attorneys’ fees not to exceed 10 per cent of the amount recovered. While we have held that the probate court was not limited by this provision of the United States Code to the amounts therein provided to be paid attorneys in proceedings to collect thereunder, yet in our opinion, this provision does furnish some reasonable standard which courts should follow in allowing attorneys’ fees in cases of this character. The fees allowed in this case by the court were almost four times as large as those permitted by section 551, title 38 of the United States Code in cases where actions were instituted and prosecuted to judgment. Here, as we have seen, no action was brought and the amount was recovered upon the presentation of a claim to the Veterans’ Administration. As a general rule the work and labor involved in collecting an account without suit is far less than where suit is instituted and prosecuted to judgment. That Congress appreciated this view is shown by the provisions of said section 551 wherein the fee to be charged for the preparation of a claim under the World War Veterans’ Act was fixed at =$10, but in case of
 
 *756
 
 suit brought and judgment rendered, fees not to exceed 10 per cent of the amount of recovery may be charged by the attorney prosecuting the suit. We do not wish to be understood as intimating, that the fee fixed by said section 551 for preparing a claim thereunder is adequate compensation for the services rendered by the attorney for the incompetent Copsey, yet as we understand said section, had the same services been rendered by an attorney for a competent person, the attorney would have been limited in his charges to the sum of $10 and liable to criminal prosecution should his charge exceed that amount.
 
 (Margolin
 
 v.
 
 United States,
 
 269 U. S. 93 [46 Sup. Ct. 64, 70 L. Ed. 176].) We are, however, unable to perceive upon what reasonable theory the probate court proceeded in allowing an attorney's fee for services performed in preparing a claim for presentation at almost four times the amount which the United States Code fixes as compensation for an attorney who brings to a successful termination a suit upon a like claim.
 

 We are not unmindful of the rule that the fixing of attorneys’ fees in estates of incompetent persons is largely in the discretion of the probate court. We cannot, however, reconcile the action of the probate court in this instance with a proper and reasonable exercise of the discretion vested in said court. The amount so fixed is so clearly in excess of a proper fee for such services that we think it could only have been allowed through an inadvertence on the part of the trial court, due perhaps to the fact that the allowance was unopposed. It should perhaps be noted here that the final account, a copy of which was forwarded to the administrator of veterans’ affairs, contained no statement of the amount of attorneys’ fees sought to be allowed, but only prayed for the fixing of a reasonable attorney’s fee. The absence of any knowledge that a fee so disproportionate to the value of the services rendered would be asked or allowed may well account for the failure of the administrator of veterans’ affairs to appear in said matter. While we must concede in the face of the decision of the United States Supreme Court in the case of
 
 Hines
 
 v.
 
 Stein, swpra,
 
 the right of the state court to fix reasonable attorneys’ fees for services rendered to the guardian of an incompetent veteran, which fees need not coincide with the schedule of fees fixed by section 551 of title 38 of the United
 
 *757
 
 States Code, nevertheless we are of the opinion that the criterion set up by Congress as a measure of protection to be afforded to a competent veteran may well serve as a standard or yardstick for a proper and reasonable fee for the same services rendered to the guardian of an incompetent veteran. And if, as measured by said standard, the allowance made by the probate court is clearly unreasonable, then it is the duty of an appellate court, upon whom, equally with the lower court, rests the duty of protecting the property and estates of incompetents and minors, to reverse said order upon the ground that the lower court in making said order abused its discretion. We are not overlooking the fact that the evidence in the instant case was not brought up on appeal. However, since the order making the allowance is predicated upon the findings setting forth in detail the nature of the work performed by the attorney, and we are satisfied that these findings are not sufficient to warrant the order made, the failure to bring up the evidence is immaterial.
 

 For the guidance of the probate court in arriving at the proper fee to be allowed in the instant ease, it may be appropriate to say that we are of the opinion that a fee which would be allowed to an attorney for a competent veteran if a suit had been brought as set out in section 551, title 38, United States Code, is the maximum fee which may be allowed, and that probably a smaller fee would be more in accordance with the merits of the case. We are also of the opinion that in arriving at a reasonable attorney's fee in the present matter, the fact should be taken into consideration that the attorney in receiving $649.49 for his ordinary services, which was 5 per cent of the gross income for the year in which the bulk of the permanent disability benefit of $11,945 was paid, has already received, at least in part, compensation for his services in securing the permanent disability benefit award.
 

 That portion of the order appealed from fixing the fees of the attorney for ordinary services rendered the guardian of the incompetent is hereby affirmed, and that portion of said order fixing the fees of the attorney for extraordinary services rendered the guardian of the incompetent is hereby reversed.
 

 Shenk, J., Langdon, J., Edmonds, J., and Houser, J., concurred.