241 Cal.App.2d 747 (1966)
Estate of MAY A. MEYER, Deceased. ALFRED T. GIBSON et al., Objectors and Appellants,
v.
CHARLES H. JONES as Coexecutor, etc., et al., Petitioners and Respondents.
Civ. No. 29684. 
California Court of Appeals. Second Dist., Div. Four. 
Apr. 28, 1966.
 Koos & Lindstrom and John M. Schwartz for Objectors and Appellants.
 Darling, Shattuck, Hall & Call, Matthew S. Rae, Jr., and Marshall Hickson for Petitioners and Respondents.
 FILES, P. J.
 This appeal involves the interpretation of that portion of a will which directs payment of taxes, and the right of the appellants to raise the issue initially in the appellate court.
 May A. Meyer died on January 26, 1964, leaving a will dated July 11, 1960, and a codicil thereto dated January 17, 1963. Both instruments were admitted to probate. Charles L. Jones and William A. Sickner were appointed coexecutors and letters testamentary were issued to them on February 25, 1964.
 The pertinent provisions of the will and codicil follow: By paragraph Third of her will, testatrix left to Minnie Dixon the sum of $500 to be paid to her "tax free." By the same paragraph, she gave specific items of personal property to Our Lady of Lourdes Convent. *749
 Paragraph Fourth of the will contains the following language:
 "Fourth: The residue of my estate I leave as follows: To Thomas P. Lahey, Sr., any real property still in my estate which came to me from the estate of my father. In the event he should predecease me, the real property shall then augment any personal property which came to me from the estate of my father and shall be divided as follows: [Then follows a provision for division among the children of Thomas P. Lahey, Sr., the nephew of the decedent, and a first cousin of the decedent.]"
 "(b) The balance of the residue of my estate being the assets from the estate of my late husband Delmar E. Meyer, and any other remaining assets, to William E. Sickner and Charles L. Jones, in Trust, for the following purposes:" [Then follow the terms of the trust with provisions for distribution of income and principal.]
 Paragraph Fifth of the will says: "I direct that all inheritance and Federal estate taxes occasioned or payable by reason of my decease shall be charged to and deducted from the principal of my estate."
 Paragraph First of the codicil states: "I direct that any cash I may have in the United California Bank, Bank of America and the Security First National Bank, be distributed to Thomas P. Lahey, Sr., and if he be deceased such cash shall be distributed in equal shares to his living issue."
 On December 3, 1964, the executors filed their first and final account, request for fees and petition for distribution. The petition showed that all inheritance and estate taxes had been paid out of the residue distributable to the trustees. The report also showed that the real property which was devised to Thomas P. Lahey, Sr., is located in the State of Michigan and that the California estate in the hands of the executors amounted to $262,356.47.
 At the hearing held December 24, 1964, no evidence was offered and no objections were made to the account or the petition for distribution.
 On January 4, 1965, the court filed its order settling the account and decreeing distribution as prayed for in the petition. The order distributes to Thomas P. Lahey, Sr., the three bank accounts specified in the codicil without diminution for death taxes, and gives the residue to the trustees.
 Three of the beneficiaries under the testamentary trust then filed their notice of appeal from the whole of the order of *750 January 4, 1965. Appellants' brief raises a single point: that the estate and inheritance taxes should have been prorated between the trust and the bequest to Thomas P. Lahey, Sr.
 Before reaching that issue we must consider respondents' contention that the appellants, not having appeared and objected in the probate court, may not be heard here. [1, 2] There can be no doubt that an order settling the account of an executor and decreeing distribution is an appealable order (Prob. Code, 1240) and that a beneficiary of a testamentary trust is a person interested in the estate and entitled to be heard in the probate proceedings (Prob. Code, 927; Estate of Plaut, 27 Cal.2d 424 [164 P.2d 765, 162 A.L.R. 837].) [3] There is also authority permitting a person interested in the devolution of an estate to appeal from a decree which adversely affects his share, even though he did not appear and object in the probate court.
 In Estate of Benner, 155 Cal. 153, 154 [99 P. 715], a beneficiary named in a will who did not appear to oppose the petition for distribution was held to be entitled to appeal from the decree which had determined that her bequest had been revoked.
 In Estate of Sloan, 222 Cal.App.2d 283, 291 [35 Cal.Rptr. 167], the remaindermen of a testamentary trust, who had not participated in the hearing on an annual account, were held entitled to appeal from the decree settling the account.
 In Estate of Moran, 122 Cal.App.2d 167 [264 P.2d 598], heirs who had not appeared in the probate court were allowed to appeal from the decree of distribution and, for the first time, on appeal, object to bequests to charity which were excessive under Probate Code section 41.
 The fact that the appellant did not appear in the probate court may in some cases preclude an effective review. In Estate of D'Avila, 217 Cal.App.2d 123 [31 Cal.Rptr. 363], an appeal from an order confirming a sale of real property was dismissed as frivolous because the appellant had not objected to the confirmation in the probate court. The petition for confirmation, upon which the probate court had acted, was regular on its face, and supported by a proper factual showing; hence in the absence of any opposition raised in the probate court, it could not be determined on appeal that the probate court had abused its discretion.
 A similar analysis may explain Estate of Rohrer, 160 Cal. 574, 577 [117 P. 672, Ann.Cas. 1913A 479], where the Supreme Court summarily refused to review an allowance of attorney *751 fees which was objected to for the first time on appeal. On the other hand, in Guardianship of Copsey, 7 Cal.2d 199 [60 P.2d 121] and 10 Cal.2d 748 [76 P.2d 691], involving the guardianship of an incompetent veteran, on the appeal of the Administrator of Veterans' Affairs, who had not appeared in the probate court, the Supreme Court reversed an award of attorney fees which was on its face excessive.
 The issue raised by the present appeal turns upon an interpretation of the will. [4] The interpretation of a written instrument is solely a judicial function unless the decision turns upon the credibility of extrinsic evidence. Accordingly an appellate court is not bound by the construction given by the trial court without the aid of extrinsic evidence. This principle, recently explained in Parsons v. Bristol Development Co., 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839], is applicable to the construction of a will on appeal from a probate decree. (Estate of Fries, 238 Cal.App.2d 558, 561 [47 Cal.Rptr. 888].)
 [5] In the light of the foregoing authorities we conclude that appellants are entitled to ask this court to examine the will and say whether or not the probate court was wrong as a matter of law.
 We turn now to the merits of the appeal. As appellants correctly point out, the question is what the testatrix meant by her direction in paragraph Fifth that all inheritance and estate taxes "be charged to and deducted from the principal of my estate." Appellants declare in their brief: "In the instant case the principal and the residue are the same." They then assert that the residue is what is disposed of by paragraph Fourth, which begins with the words: "The residue of my estate I leave as follows: ..." Appellants argue that the codicil was intended to amplify or clarify the bequest to Lahey which is contained in paragraph Fourth, and therefore the bank accounts described in the codicil should be regarded as residue also. [6] The flaw in this argument, as a matter of legal reasoning, is that the land and the bank accounts were specific legacies to Mr. Lahey. (Estate of Jepson, 181 Cal. 745 [186 P. 352].) "A residuary legacy embraces only that which remains after all the bequests of the will are discharged." (Prob. Code, 161, subd. (4).) By this definition the Lahey bequests were not residuary, even though set forth in a paragraph which is headed by the word "residue." (Cf. Estate of Scott, 217 Cal.App.2d 111, 116 [31 Cal.Rptr. 438].)
 [7] The probate court apparently took the view that by *752 the word "principal" the testatrix meant the true residue of her estate (described in paragraph Fourth (b) of the will as "the balance of the residue") which went into the trust. This is not an unreasonable conclusion. We cannot say, upon this record, that the probate court's interpretation of the will was wrong.
 The order is affirmed.
 Jefferson, J., and Kingsley, J., concurred.