# Richmond

T. A. SHANDS V. A. D. SHANDS, COMMITTEE, ETC.

February 26, 1940.

Record No. 2239.

Present, All the Justices.

The opinion states the case.

*J. J. Temple* and *Oliver A. Pollard,* for the plaintiff in error.

*George E. Allen, George W. Reilly, John H. Cole* and *Wilbur G. Mitchell,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

On April 17, 1937, a lunacy commission, sitting in Augusta county, adjudged T. A. Shands, a citizen and resident of Prince George county, insane, and committed him to the Western State Hospital, Staunton, Virginia.

On April 26, 1937, the Circuit Court of Prince George county sustained a motion based upon the certified copy of the findings of the lunacy commission, and appointed A. D. Shands committee for T. A. Shands.

On August 29, 1939, the Corporation Court of the city of Staunton adjudged T. A. Shands sane and ordered him released from the custody of the hospital.

On September 19, 1939, after due service of notice under Code, section 5417, T. A. Shands moved the Circuit Court

of Prince George county to remove A. D. Shands as his committee, and prayed that the committee render an account of his transactions. The committee demurred to the petition. On the hearing, the only evidence offered by either party was a copy of the judgment of the Corporation Court of the city of Staunton, which declared T. A. Shands sane in this language: "Upon consideration whereof after receiving evidence in open court touching the mentality of the petitioner and the illegality of his detention, the court being satisfied that the said T. A. Shands is a person of sound mind and is therefore unlawfully restrained of his liberty by Dr. J. S. DeJarnette, Superintendent of the Western State Hospital, it is adjudged and ordered that the petitioner, T. A. Shands, be, and he is hereby discharged forever from the custody of the said Dr. J. S. DeJarnette, Superintendent of the Western State Hospital, and set at liberty."

The trial court held that the committee could not be compelled to settle his accounts in a proceedings under Code, section 5417; that the judgment of the Corporation Court of the city of Staunton, as evidence of the sanity of T. A. Shands, was not sufficient to warrant the removal of the committee; and, in the same order, reaffirmed the appointment of A. D. Shands as committee in the following language: " * * * , and the court doth further order that the order of this court entered on the 26th day of April, 1937, appointing the said A. D. Shands committee of said T. A. Shands shall remain in full force and effect until revoked." To this order this writ of error was granted.

The precise question presented is whether a judgment of a court of competent jurisdiction, pronounced in a *habeas corpus* proceeding, declaring a person sane is, without supporting or contradicting evidence, sufficient ground for removal of the committee of such person.

There are three sections of the Code authorizing the appointment of committees. Section 1050 provides for the appointment in cases in which the incompetent has been adjudged insane and committed to a hospital, or is found

insane after his admission to the hospital. Section 1051 provides for the appointment of a committee in the event there has been no adjudication, and makes no provision requiring the restraint of the incompetent. Section 1080a provides for the appointment of a committee upon the petition of any interested person in the event a person has become "mentally and/or physically incapable of taking proper care of his person and/or properly handling and managing his estate," and further provides that the court, "if convinced that such person is incapacitated to the extent above mentioned, may appoint some suitable person to be the guardian or committee of the person and property of such person * * * ."

■■ A committee is appointed for the purpose of securing a competent person to manage the property of an incompetent adult. The ownership of the property remains in the incompetent; its management alone is transferred to another for preservation and such wise expenditure as may be most beneficial to the incompetent owner. Committees, as other fiduciaries, are required by Code, section 5408, to render an account of their stewardship, and to settle their accounts before the commissioner of accounts. Their general duties are set forth in Code, sections 1050 and 1054. The pertinent part of the concluding sentence in section 1054 is: " * * * and (the committee) shall surrender the estate, or so much as he may be accountable for, to such person, if he shall be restored, or the real estate to his heirs or devisees, and the personal estate to his executors or administrators, in case of his death without having been restored * * * ."

■■ This mandatory provision of the statute renders it imperative that the committee restore to the true owner all property in his custody by virtue of his appointment as soon as the incompetency of the owner has been removed. In addition, it is the duty of such committee to render an annual settlement of his fiduciary accounts and to make final accounting before the commissioner of accounts, when his ward has been restored to sanity or upon the death of

the ward. These are legal duties imposed upon a committee and in practice are usually performed without a mandate from the court.

■ The committee in this case was appointed under the provision of Code, section 1050—that is, the motion was made after T. A. Shands had been committed to the hospital and it was based on the certified copy of the findings of the lunacy commission. T. A. Shands applied to the proper court to have his sanity tested. Armed with a judgment of a court of competent jurisdiction declaring him sane, T. A. Shands demanded that his property be restored to him. This demand was refused. The only court which had jurisdiction to give him the relief sought was the Circuit Court of Prince George county. He could invoke the powers of this court either by proceeding under the provisions of Code, section 5417, or a suit in chancery. He chose the more speedy remedy by giving notice and filing his petition under the statute. He was met *not* by a denial of his sanity, but by the assertion and contention that his evidence of sanity was not sufficient.

■■ The judgment of a court of competent jurisdiction in a *habeas corpus* proceeding, declaring a person sane, is not conclusive evidence that such person is competent to manage his property, but it is relevant and pertinent evidence that such person has regained his full mental faculties. When such judgment is the only evidence offered, it is sufficient to carry the burden of proof of the one who has the affirmative of the issue. Hence, when the committee failed or declined to introduce any evidence to meet the *prima facie* case made by petititioner, it was the duty of the trial court to remove the committee and restore the property remaining in his possession to the true owner.

■ This court, speaking through Mr. Justice Gregory in *United States Veterans' Bureau* v. *Thomas,* 156 Va. 902, 909, 159 S. E. 159, 161, stated: "Under section 5417 of the Code, the court has the power to remove a fiduciary 'on evidence adduced before it by any party interested * * *

or whenever, from any cause it appears proper, revoke and annul his powers, * * * .'

"This section is intended to provide a summary and informal means for the removal of an unsuitable or unfaithful fiduciary."

As heretofore stated, the very foundation for the appointment of a committee is the incompetency of the person who owns the property involved. When the incompetency is removed, the foundation fails and the owner is entitled to regain dominion over his own. All fiduciaries, at some time, are required to make a final accounting of their ward's estate before the commissioner of accounts or other proper official, and to transfer to the parties entitled thereto such property as remains in their possession or control. This T. A. Shands requested in his petition. The trial court had authority, under Code, section 6084, to transfer the proceedings to the chancery side of the court and require the committee to render an account of his transactions as such in this proceedings, thereafter treating the proceedings as a suit in chancery; or it could have entered an order removing the committee and ordering him to transfer to his ward all property remaining in his possession or control, and to make a settlement of his accounts before the commissioner of accounts of Prince George county.

The inference from statements made in the oral argument and a careful examination of the record and briefs lead to the conclusion that the ends of justice require that the former judgment of the trial court be reversed, and the case be remanded with directions to the lower court to permit either party to introduce any relevant testimony as to the competency of T. A. Shands to manage his own property; provided that, in the absence of any additional evidence, the trial court enter an order removing A. D. Shands as committee of T. A. Shands and requiring him, in the same order, to render a proper account of his transactions as committee before the commissioner of accounts.

*Reversed and remanded with directions.*