THOMAS S. MOORE, *Committee, etc. v.* LUCILLE M. COLEMAN, *Incompetent, et al.*

(CC 685)

Submitted April 11, 1944.  Decided May 23, 1944.

*I. L. Hark,* for plaintiff.
*J. E. Springston,* for defendants.

RILEY, JUDGE:

Thomas S. Moore, Committee for Lucille M. Coleman, Incompetent, by bill in chancery against Lucille M. Coleman, Incompetent (known also as Lucille M. Davis), J. E. Springston, Fitzhugh Lee Springston, Guy M. Massey, Justice of the Peace, Howard Donnelly, Constable, Andrew M. Saunders, Sam Shor and W. H. Hanson, sought to set aside a deed of conveyance of realty from the incompetent to Fitzhugh Lee Springston, to enjoin J. E. Springston from "harassing and molesting" the committee in the administration of the incompetent's estate by bringing actions at law in her name against tenants occupying her property, and to restrain said justice and constable from "further proceeding in any manner in the aforesaid actions at law". Defendants (other than Shor and Hanson) filed a joint and several demurrer and an answer to the bill of complaint, to which answer the plaintiff committee demurred; and the Circuit Court of Kanawha County, having overruled both demurrers, on joint application of the parties, certified here three questions of law arising upon the demurrers.

From the pleadings it appears that on May 23, 1936, the Mental Hygiene Commission of Kanawha County, upon examination "touching the sanity of" Lucille M. Coleman, adjudged her insane and committed her to the Spencer State Hospital. On May 19, 1938, John F. Ellison was appointed committee of her estate which, at the filing of this proceeding, consisted mainly of two parcels of real estate situate in Kanawha County and occupied by defendants Hanson and Shor as tenants. The commission on August

7, 1939, adjudged her "not insane". Under date of January 16, 1943, "Lucile M. Davis, (formerly Lucile M. Coleman)" conveyed these parcels of land to Fitzhugh Lee Springston, a son of defendant J. E. Springston, by deed which has been recorded in the county clerk's office and in which she reserved the rents, issues and profits therefrom for herself during her lifetime and further "for the use and benefit of Andrew Washington Saunders, a colored man who at one time saved the life of the party of the first part and has befriended her in many ways during" the latter's life, should he survive her, with remainder to the grantee named in the deed. In January, 1943, she executed and delivered to J. E. Springston, a power of attorney, authorizing him to manage her property, collect the rentals accruing therefrom, and institute actions in her name and do all other things affecting her real estate. Upon notice, directed to plaintiff's incompetent and defendant J. E. Springston, reciting that the county court "has received and ordered filed the petition of John F. Ellison, Committee for Lucille Coleman, incompetent, requesting that he be discharged from his duties as such Committee and that a new committee be appointed", the county court under order entered on May 13, 1943, accepted Ellison's resignation, and, on its own motion, appointed plaintiff as committee to manage the estate of the alleged incompetent who, in the bill of complaint is described as a "white female, aged 33", paroled from the Ohio State Penitentiary on March 1, 1943, an habitual drunkard, not capable of managing her own affairs, who has been arrested, convicted and confined in the jails of the City of Charleston and of Kanawha County, more than sixty times during the past eight years "upon charges of vagrancy, drunkenness, etc."

The bill of complaint charges, and the answer denies, that defendant J. E. Springston induced and persuaded Lucille M. Coleman to execute and deliver to him the power of attorney discussed above, and that the deed to Springston's son was executed by reason of "undue cor-

ruption, and overpowering influence exercised by" Springston upon the grantor, whereby "she was completely deprived of her free will and power of free agency". In addition to such denial the answer asserts facts in explanation and justification for these acts; but we are not, at this time, concerned therewith or with the difficulties which Ellison and Moore, as committee, have had with Springston relative to plaintiff's averments that Ellison was so "harassed, badgered, and embarrassed in the carrying out of his duties as such Committee, by the said J. E. Springston" that he was compelled to resign or that, since plaintiff's appointment, Springston has sought to discourage defendants Shor and Hanson from paying the monthly rentals, presumably — though not alleged — to plaintiff whose bill seeks to restrain the justice of peace and constable from enforcing collection of judgment rendered in an action instituted by J. E. Springston for the purpose of collecting rent from Shor and Hanson. We are concerned only with the questions certified, which are:

"FIRST: Whether or not the plaintiff has such an interest in the subject matter of this suit as to enable him to maintain his said bill of complaint.

"SECOND: Whether or not the order of the County Court of Kanawha County, West Virginia, entered on the 13th day of May, 1943, appointing Thomas S. Moore as Committee for Lucille M. Coleman, Incompetent, is void because of the alleged defect and irregularity of notice to the said Lucille M. Coleman of the hearing before the said County Court on May 10, 1943.

"THIRD: Whether or not the said County Court had the authority to inquire into the competency of the said Lucille M. Coleman to transact her personal business affairs, and to make such appointment of a Committee, in the absence of, or in spite of, a hearing by the County Mental Hygiene Commission as to the sanity of the said Lucille M. Coleman."

The litigable interest of plaintiff necessarily depends upon the validity of his appointment as committee. Jurisdiction of the county court to make the appointment emanates from the Constitution of West Virginia. See Article VIII, Section 24. The challenge of defendants that there is no authority in the committee to maintain his bill of complaint is built upon the premise that the notice to Lucille Coleman was void because (1) it did not show "she had been adjudged insance since the Mental Hygiene Commission had adjudged her not insane, or that she was "an addict and an imbecile or a mental defective, and (2) the notice failed to state the reason why a successor committee should be appointed. Because thereof defendants contend the county court was without authority to inquire into the alleged incompetent's mental capacity.

It is perhaps expedient at the inception of this issue to dispose of the third question certified by referring to *Doak, Admr.* v. *Smith*, 93 W. Va. 133, 116 S. E. 691, which is authority for the principle that a finding of mental incapacity by some competent body or tribunal is not prerequisite to the jurisdiction of the county court to effect a committee's appointment. In that case the lunacy commission, constituted under Acts of the Legislature, 1915, Chapter 58, had dismissed a charge of insanity against plaintiff's intestate on December 19 and on June 15 following, the county court appointed a committee for him. The challenge that the court had no authority to make the appointment until the lunacy commission had first determined that the ward was insane is answered thus in the opinion (p. 135):

> "Under the constitution, Art. VIII, Section 24, county courts have jurisdiction in all matters relating to the appointment and qualification of committees, and that jurisdiction cannot be taken away from them by requiring the lunacy commission to first pass upon the alleged insanity of a person."

Application of the rule enunciated sustains the jurisdiction of the county court to make the appointment in the absence of, or despite the adjudication of sanity made by the Mental Hygiene Commission in 1939, unless there is merit to defendants' position that the notice was so faulty as to render nugatory the order of appointment.

What does the record show concerning the notice? Copies of the notice, directed to defendants Coleman and J. E. Springston, stated that the county court "has received and ordered filed the petition of John F. Ellison, Committee for Lucille Coleman, Incompetent, requesting that he be discharged from his duties as such Committee and that a new committee be appointed for the said Lucille Coleman", and that the county court had set the matter for hearing at a stated time. The answer admits service thereof a few days prior to the time for the hearing and that both Springston and the alleged incompetent "were present" and "took part in a hearing". The order of the county court, dated May 13, 1943, shows that the court accepted Ellison's resignation as committee, and then relates that, "And thereupon this matter came on again to be heard upon the motion of J. E. Springston, Attorney for Lucille M. Coleman, that the said Lucille M. Coleman be discharged as restored to her competency, and offered in support of said motion a certified copy of the record of the Mental Hygiene Commission of Kanawha County, which is ordered to be filed". The answer denies that Springston made such motion, and avers that the only motion he made was one to accept Ellison's resignation and that he (Ellison) return to Lucille Coleman her estate.

This Court's pronouncement in *Lance* v. *McCoy,* 34 W. Va. 416, 12 S. E. 728, that five days' notice must be given to the person suspected to be insane before a county court may appoint a committee, where there has been no prior adjudication of insanity by a competent body or tribunal, has not been overruled. See Code, 27-3-13. Once there is an adjudication of insanity, the appointment of a

committee of the person or estate, where request therefor is made, follows as a matter of course. Herein the complaint of the defendants does not concern the want of notice but lack of averments in the notice upon which the county court could make an adjudication upon which to premise appointment of a committee.

It may not be denied that the county court had jurisdiction to hear the matter set forth in the petition and notice, since it related to the appointment of a committee. The hygiene commission's finding of sanity was injected into the hearing by counsel for Lucille M. Coleman apparently as a bar to a further appointment of a committee; and while unquestionably that finding in 1939 did not require the county court to appoint a committee thereafter under Code, 27-9-1, it is equally clear that the jurisdiction which was invoked by the notice existed at the inception of the hearing and continued throughout. Although the notice did indicate that the new committee to be appointed was, in fact, in substitution of the one originally appointed, the real inquiry related to the necessity of a committee, which, in turn, involved the mental status of Lucille M. Coleman. We have already noted that the county court's jurisdiction to appoint a committee was unaffected by a prior adjudication of sanity by a mental hygiene commission. The request for a new committee impliedly charged her incompetency. Introduction of the commission's finding in 1939 was a denial of such a charge, and the county court was thereby confronted with an issue of fact. Defendants say that the county court was without jurisdiction to determine the issue of mental status because the notice did not indicate any action to controvert the finding of the hygiene commission, and, further, it had to do with the appointment of a substitute committee rather than with an original proceeding seeking the appointment of a committee. This contention overlooks the fact that the county court's jurisdiction to determine the mental capacity of the alleged incompetent was invoked under the notice and,

having concluded that there was need for a committee, appointment thereof was essential. Since the county court had jurisdiction to decide the question of mental capacity, invoked by the notice and unaffected by the commission's finding in 1939, we may not characterize as void the action of the court in appointing a committee. We are not called upon in this proceeding to appraise the county court's finding of the necessity of the appointment of a committee. Its finding in this regard may have been erroneous, though we do not and need not herein determine that question. Even assuming that the county court erred in proceeding to make its appointment upon the notice to which defendants made their appearance, at most it rendered the appointment merely voidable. The county court, having had jurisdiction of the parties and subject matter, its order, entered at a regular session of the court, cannot be collaterally attacked. *Doak* v. *Smith, supra; State* v. *Thompson,* 100 W. Va. 253, syl. pt. 4, 130 S. E. 456; *County Court of Marion County* v. *Jarrett,* 114 W. Va. 330, syl. pt. 1, 171 S. E. 823. It suffices that throughout the hearing requisite jurisdiction of the subject matter and of the person persisted. We deem it worthy to note that if Lucille M. Coleman is mentally competent—a challenge to the finding of the county court—the appointment of plaintiff as committee in 1943 is no foreclosure hereafter under the procedure prescribed by Code, 27-4-9, to the establishment that she is competent and therefore needs no committee. It follows, therefore, that plaintiff as committee has such a litigable interest to maintain his bill in equity.

Being of opinion that the circuit court was correct in overruling the demurrer to plaintiff's bill of complaint, but erred in overruling the demurrer to defendants' answer, we affirm the former and reverse the latter ruling of the court.

*Rulings affirmed in part; reversed in part.*