THOMAS S. MOORE, *Committee, etc.*

*v.*

LUCILLE M. COLEMAN *et al.*

(No. 9691)

Submitted October 2, 1945.   Decided November 20, 1945.

*H. D. Rollins,* for appellants.

*I. L. Hark,* for appellee.

LOVINS, PRESIDENT:

This suit was instituted in the Circuit Court of Kanawha County by Thomas S. Moore, committee for Lucille M. Coleman, an incompetent, against Lucille M. Coleman, incompetent, J. E. Springston, Fitzhugh Lee Springston, Guy M. Massey, Justice, Howard Donnelly, constable, Andrew W. Saunders, Sam Shor, and W. H. Hanson. The incompetent is known also as Lucille M. Coleman Davis, but will be referred to herein as Lucille M. Coleman.

Lucille M. Coleman was found to be insane by the Mental Hygiene Commission of Kanawha County on May 23, 1936. John F. Ellison was appointed her committee on May 19, 1938. A small amount of personal property came into the hands of Ellison, committee. The principal part of the incompetent's estate consisted of two improved tracts of land, one situate in the Town of Dunbar and the other in the City of Charleston. Ellison continued to act as such committee until May 13, 1943, at which time the County Court of Kanawha County accepted his resignation and appointed plaintiff as his successor. During the time that Ellison acted as committee,

he made annual settlements of his accounts before a commissioner of accounts, managed the property of his ward and disbursed money to her from the rentals collected by him. Lucille M. Coleman, by deed dated January 16, 1943, and during the time Ellison was acting as her committee, conveyed the two parcels of land which she owned to Fitzhugh Lee Springston, reserving a life estate for her benefit, and a contingent life estate to Andrew W. Saunders provided he survived her. The primary purpose of this suit is to set aside and cancel that deed of conveyance.

Defendants, other than Shor and Hanson, demurred to the plaintiff's bill of complaint, and plaintiff demurred to defendants' answer. The demurrers were overruled and the rulings of the trial court were certified to this Court. We disposed of the certified questions arising upon said certificate by holding that the County Court of Kanawha County had jurisdiction to appoint plaintiff committee for Lucille M. Coleman; that such jurisdiction was not affected by the finding of sanity by the Mental Hygiene Commission; that the appointment of the plaintiff as committee for Lucille M. Coleman was not void; and that plaintiff could maintain this suit to set aside the deed hereinabove mentioned. The ruling of the trial court on the demurrer of the defendants' answer was reversed and the ruling on the demurrer to the plaintiff's bill of complaint was affirmed. For additional facts and proceedings had herein see *Moore* v. *Coleman*, 126 W. Va. 815, 30 S.E. 2d 333. Defendants Shor and Hanson made no defense, and defendants Massey and Donnelly made no defense other than to file a joint demurrer to the bill of complaint.

After the mandate of this Court became final a *guardian ad litem* for Lucille M. Coleman was appointed, who filed a formal answer. On hearing had on the pleadings, the Circuit Court of Kanawha County sustained the plaintiff's demurrer to the answer; dismissed the same as failing to plead any defense to plaintiff's bill; set aside the deed from plaintiff's ward to Fitzhugh Lee

Springston; and adjudicated costs against him and his father, J. E. Springston. It also appears from a memorandum of opinion made a part of the record herein, that defendants, J. E. Springston and Fitzhugh Lee Springston, moved the court to refer this cause to a commissioner to take proof on the questions of fraud and undue influence alleged and denied in the pleadings, and that such motion was overruled. J. E. Springston and Fitzhugh Lee Springston prosecute this appeal.

The controlling question is whether the deed from Lucille M. Coleman to Fitzhugh Lee Springston is void as a matter of law upon the undisputed facts.

The defendants rely upon the finding of the Mental Hygiene Commission on August 7, 1939, as establishing the sanity of the grantor and upon the absence of fraud or undue influence in the transaction, contending that they should have been given an opportunity to disprove the allegations of fraud and undue influence made in the bill of complaint.

In the view we take of the question here presented, the mental competency of Lucille M. Coleman at the time she executed the deed of conveyance to Fitzhugh Lee Springston, as well as the questions of fraud and undue influence, are of secondary importance. This record clearly discloses that Lucille M. Coleman was adjudged insane; that a committee for her was appointed; that said committee was active in the performance of his duties; that subsequent to the appointment of the committee a finding was made that she was sane, but no effort was made to discharge the committee. In the meantime she attempted to convey practically all of her estate to a stranger, which, so far as the record shows, was made without consideration.

In this jurisdiction the committee of an insane person or mental defective is entitled to possession of the estate of his ward, and is required to preserve and manage such estate. Code, 27-9-4. The committee of an insane person or mental defective having the right of possession and the duty to preserve and manage his ward's estate,

it would be inconsistent to uphold the right of the ward to convey any part thereof during the time the committee is acting. How can the committee retain possession of the estate, if the ward has the right to sell any part thereof? The answer to this question is obvious. Safeguards have been placed around the estate of an insane person or mental defective by statute. A committee may sell his ward's real estate when the personal property, rents and profits of such real estate are insufficient to pay debts and maintain the ward, or when the interest of the ward will be promoted. Authority for any such sale must be obtained from the circuit court of the county where the real estate is located. Code, 27-9-5 and 37-1-2, *et seq.* The mental competency of Lucille M. Coleman at the time she executed the deed is not controlling. After a person has been adjudged insane or to be a mental defective, and a committee has been appointed for him, a deed of conveyance made while the guardianship of such committee actively continues is void, even though the ward was, in fact, sane and mentally competent at the time of the execution of the deed. *Thorpe* v. *Hanscom*, 64 Minn. 201, 66 N.W. 1; *Waddy* v. *Grimes*, 154 Va. 615, 153 S. E. 807; 28 Am. Jur., Insane and Other Incompetent Persons, Section 57. The reason for such rule is that it is necessary for the convenience and protection of the committee that he may properly discharge the duties imposed upon him with respect to the property of his ward. Ellison, the first committee, and Moore, the present committee, could not with safety accept the office of committee and assume the duty of preserving and managing the property of Lucille M. Coleman unless protected from her ill-advised and improvident acts. Regardless of the mental condition of Lucille M. Coleman at the exact time of the conveyance to Fitzhugh Lee Springston, she had no competency to make such conveyance so long as her committee had not been discharged and was still managing her estate.

The finding of the Mental Hygiene Commission of Kanawha County made on August 7, 1939, did not operate as a discharge of Ellison, who was then acting as

committee. Such finding is relevant and proper evidence of the sanity of Lucille M. Coleman in a proceeding to discharge her committee, but that finding is not conclusive. *Baker* v. *Holland,* 175 Va. 520, 9 S. E. 2d 298; *Shands* v. *Shands,* 175 Va. 156, 7 S. E. 2d 112.

The answer of the defendants presents no defense to plaintiff's bill, and it was unnecesary to take proof on the questions of fraud and undue influence in the procurement of the deed. The acts alleged in the bill and admitted in the answer are sufficient to avoid the deed as a matter of law.

The decree of the Circuit Court of Kanawha County for reasons herein stated is affirmed.

*Affirmed.*